# C. J. LINDAHL v. W. W. MORSE, DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF CUSTOM LAUNDRY COMPANY.[1]

### January 28, 1921.

### No. 22,072.

**Law of the road — statute construed.**
1. Section 22, chapter 119, Laws of 1917, providing that the driver of any vehicle approaching or crossing a street or highway intersection shall give the right of way to any other vehicle approaching from his right, construed and applied.

**Contributory negligence.**
2. Testimony considered and held conclusive that the plaintiff was, as a matter of law, guilty of contributory negligence. The testimony was conflicting as to the defendant's negligence.

Action in the municipal court of Minneapolis to recover $451.85 for damage to plaintiff's automobile in collision with defendant's motor truck. The case was tried before Montgomery, J., who made findings and ordered judgment in favor of plaintiff for $351.85. From an order denying his motion for a new trial, defendant appealed. Reversed.

*R. F. Merriam,* for appellant.

*Charles F. Kelly* and *W. R. Miller,* for respondent.

QUINN, J.

Blaisdell avenue in the city of Minneapolis extends north and south. Twenty-sixth street crosses it at right angles. On November 11, 1919, plaintiff was driving his automobile south on the avenue. At the same time defendant's automobile, driven by his employee, Robert C. Gorman, was approaching the intersection from the west. A collision occurred in which both cars were considerably damaged. Plaintiff brought this action to recover for the damage thereby caused to his car. The defendant interposed a counterclaim for damages to his car, based upon the negligence of the plaintiff. The case was tried to the court without a jury. Findings of fact and order for judgment in favor of the plaintiff

[1]Reported in 181 N. W. 323.

were filed. From an order denying his motion for a new trial, the defendant appealed.

But two questions are presented for consideration: First, was the plaintiff guilty of contributory negligence as a matter of law; and, second, was the defendant guilty of such negligence as will preclude his right of recovery on his counterclaim.

In its decision the trial court found as matters of fact that at the time in question the plaintiff was driving his car carefully and lawfully and was run into by the defendant's car, which was being driven by an employee in his business in a careless and negligent manner, to the damage of the plaintiff's car in the sum of $351.85, and ordered judgment accordingly.

Upon the trial plaintiff testified, in effect, that as he approached Twenty-sixth street he saw the defendant's car approaching from the right when it was about 40 feet from the intersection, and that it was going at the rate of about 30 miles an hour, as near as he could tell. He testified: "I was driving, I keep on driving. I was ahead of him, so I think I can clear the street before he did." He also testified that neither he nor the driver of the defendant's car sounded his horn, that the cars came together near the center of the intersection, and that it had been raining and the pavement was slippery.

Both cars reached the intersection practically at the same time, the plaintiff's a little ahead. Plaintiff saw defendant's car when it was about 40 feet from the intersection. He made no effort to slacken his speed. He thought he could clear the crossing ahead of defendant's car. The collision occurred near the center of the intersection. The right front wheel of plaintiff's car struck the left side running board of defendant's car, which was approaching from the right, and, under chapter 119, § 22, p. 164, Laws of 1917, had the right of way. Under the provisions of that statute the plaintiff was guilty of contributory negligence as a matter of law, if his testimony can be relied upon. Where an operator of an automobile approaching an intersection under such circumstances undertakes to cross the same, entirely disregarding the provisions of the statute, and thereby contributes to an injury, he does so at his peril. This statute should be rigedly adhered to as a means of safety to the traveling public. Rosenau v. Peterson, 147 Minn.

95, 179 N. W. 647; Gibbs v. Almstrom, 145 Minn. 35, 176 N. W. 173; Syck v. Duluth St. Ry. Co. 146 Minn. 118, 177 N. W. 944.

True the trial court found as a matter of fact that the plaintiff was driving his car carefully and lawfully and that it was damaged solely through the negligence of the driver of defendant's automobile, but this finding is not supported by the evidence. The plaintiff's own testimony, when considered in connection with the statute above referred to, convicts him, as a matter of law, of contributory negligence.

There was testimony that the defendant's car approached the intersection at a high and dangerous speed. The driver had the legal right of way over the crossing. That fact however does not necessarily absolve him from the exercise of due care for the safety of others under such circumstances. The testimony was conflicting as to his negligence. A new trial must be granted.

Reversed.

HOLT, J. (dissenting).

I dissent on the proposition that plaintiff was guilty of contributory negligence as a matter of law, and am of the opinion that the court's finding that he was not negligent is sustained by the proof. He testified where he was when he first noticed defendant's automobile approaching and indicated upon a plat used at the trial the relative positions of the two machines. From the marks so made it appears that plaintiff was then about one-fourth to one-third the distance across Twenty-sixth street and defendant's automobile was then approaching from plaintiff's right, but 40 feet west of the west curb-line of Blaisdell avenue. Plaintiff was traveling south on Blaisdell avenue and near its center. Defendant's car was going east on Twenty-sixth and near its southerly curb. The streets were paved and were wet and slippery. An effort by plaintiff to stop when he first noticed the approaching vehicle must have resulted in disastrous skidding. He also had the right to assume that when he had entered the crossing some ten or more feet, one who was more than 40 feet from the street intersection would observe the ordinance to slow down his speed upon approaching a street intersection. Had defendant so done plaintiff would have had ample time to cross the street before defendant would have reached or entered upon Blaisdell

avenue. Whether plaintiff took "close chances" within the decision of Gibbs v. Almstrom, 145 Minn. 35, 176 N. W. 173, was for the trial court's determination.

DIBELL, J. (dissenting).

I concur in the views of Justice Holt.