## FRED ANDERSON v. A. E. JENNEY MOTOR COMPANY AND WILLIAM HAACK.[1]

November 25, 1921.

No. 22,490.

**Right of way at street intersection — violation of statute constitutes contributory negligence.**

The evidence shows that plaintiff was guilty of contributory negligence as a matter of law in failing to yield the right of way at a street intersection to an automobile coming from his right on the intersecting street.

Action in the district court for Hennepin county to recover $2,550 for injuries to plaintiff's person and property in a collision with a car driven by defendant Haack. The case was tried before Dickinson, J., and a jury which returned a verdict for $150. Defendants' motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendants appealed. Reversed and judgment directed for defendants.

*Dille, Hoke, Krause & Faegre* and *R. F. Merriam,* for appellants.
*S. R. Child* and *Sherman Child,* for respondent.

[1]Reported in 185 N. W. 378.

TAYLOR, C.

This action grows out of a collision between two automobiles at a street intersection in the city of Minneapolis, and the sole question presented is whether plaintiff was guilty of contributory negligence as a matter of law.

On the forenoon of November 13, 1919, plaintiff was driving his Ford runabout along Tenth street, and defendant Haack was driving a Hupmobile belonging to defendant motor company along Mary Place which intersects Tenth street at right angles. As plaintiff was crossing the intersection his car was struck by the Hupmobile coming from his right on the intersecting street. The plat in evidence shows that the roadway is 34 feet in width between curbs on both streets. For the purposes of this appeal we shall take the facts to be as stated by plaintiff himself. From his testimony it appears that his rate of speed was between 12 and 15 miles an hour and the rate of defendant's car about 35 miles an hour; that, if he had looked, he could have seen defendant's car when he was some 40 or 50 feet distant from the curb line of Mary Place; that he did not see until he crossed the curb line; that he could have stopped his car within 12 or 14 feet, and that, instead of doing so, he attempted to cross ahead of the other car and the collision occurred. He marked on the plat the approximate position of both cars at the time he first saw defendant's car, but made no estimate of the distance of either from the point of collision. The positions marked on the plat would indicate that when he saw defendant's car he was some 20 feet from the point of collision, and defendant's car something more than twice that distance from that point.

Defendant's car, coming from the right on the intersecting street, had the right of way, and, as said in Gibbs v. Almstrom, 145 Minn. 35, 176 N. W. 173, 11 A. L. R. 227, if it was near enough so that there was reasonable danger of collision if both proceeded, it was plaintiff's duty to yield the right of way, and he was not warranted in taking close chances. Plaintiff saw defendant's car, when it was something less than 50 feet from the place of collision, and knew that it was coming very rapidly, for he estimated its speed at 35 miles an hour. The late case

of Lindahl v. Morse, 148 Minn. 167, 181 N. W. 323, is, in its facts, almost identical with the present case. In that case the plaintiff saw the defendant's car coming from his right on the interesting street when it was about 40 feet from the intersection. It was coming at a speed of about 30 miles an hour. The plaintiff attempted to cross ahead of it and the cars collided. It was held that the plaintiff was guilty of contributory negligence as a matter of law in failing to yield the right of way as required by the statute. We are unable to distinguish the present case from that case, and, following it, hold that plaintiff was guilty of contributory negligence as a matter of law.

It is true that the defendant in both these cases was also guilty of negligence in approaching the crossing at such an unreasonable rate of speed, but, as said in Rosenau v. Peterson, 147 Minn. 95, 179 N. W. 647, where the collision results because both parties are negligent, neither can recover from the other. If plaintiff had not known that defendant's car was coming at an unusual rate of speed, the situation would be different, but, with that knowledge, he was not justified in trying to beat it across the intersection.

The judgment is reversed and judgment directed for defendants.

HOLT, J. (dissenting).

I dissent. The place where this collision occurred emphasizes, to my mind, the error of the rule applied in Lindahl v. Morse, 148 Minn. 167, 181 N. W. 323. This collision was in a down town district where vehicles are continuously upon street intersections at certain times of the day. In order to make safe crossings and at the same time not impede traffic, it is necessary for vehicles to keep in motion as continuously as practicable. One of the objects of traffic regulations, is, no doubt, to facilitate travel at street crossings. If no driver can venture upon an intersection when another vehicle is seen approaching from his right, at high speed and some distance away, without being held guilty, as a matter of law, of contributory negligence, should a collision occur, he must stop his car. By the time the first comer to his right has crossed, another from the same direction is in sight, and he, being at a stop,

cannot start quickly enough to get across safely because of the continuous stream of vehicles coming from his right. Meanwhile he is to the right of vehicles approaching from his left, and they must also be stopped, because as to them he has the right of way. Under the rule of the Lindahl case an ox team could never hope to cross a down town street in Minneapolis, except possibly between 2 a. m. and 6 a. m. for some of these reckless speeders, especially delivery trucks, to the right of the team, would surely be in time to hit the rear of the wagon, even if two blocks away when the team first entered the intersection, and the same holds true of a slow horse team.

I maintain that it is wrong to determine, as a matter of law, that it is negligence for a driver to enter a street crossing whenever a vehicle approaches from his right which has not yet come so near, but that, if its driver properly complies with the law as to reducing speed at crossings, there will be no collision. The matter should be left to the jury in each particular case with appropriate instructions. There are so many varied circumstances that surround every accident at a street crossing that the question of whose was the fault should be determined by the triers of fact.

In this instance defendant was required to slow down for the intersection. He was also to yield the right of way to those approaching his right on Tenth street. Plaintiff could rely that defendant would observe these rules of the road, at least up to the moment it appeared that he would not do so. Strictly speaking the space where defendant had the right of way was only the northeast quarter of the intersection. Here a mere slowing down of defendant to what the jury might well have found a reasonable speed for that place, would have given plaintiff ample time for a safe crossing.

When negligence comes to depend upon a question of seconds in connection with other circumstances, it should be solved by the jury and not by the court. Indeed, I think, a plaintiff who has suffered from a collision at a street intersection, should not be held guilty of contributory negligence, as a matter of law, unless it appears without dispute that the intersection was entered by him at the same moment that the vehicle to his right, with which he collided, entered, and that this vehi-

cle, having the right of way, was operated at a speed that was proper and reasonable under the circumstances. It is proper to give the jury the law as stated in Gibbs v. Almstrom, 145 Minn. 35, 176 N. W. 173, 11 A.L.R. 227, that a driver of a vehicle is "not warranted in taking close chances," but it is for the jury to determine whether or not he has done so. As pedestrians we have often had the experience of having to jump forward or backward to dodge a car which, when we started to cross the street, was a block or farther away, but which was upon us before the sidewalk on the other side was reached. The rule adopted increases the reckless speed at which some drivers approach a crossing where they consider they have the right of way.

DIBELL, J. (dissenting).

I concur in the view of Justice Holt.