## FRED SODERBERG v. CLIFFORD A. TANEY AND ANOTHER.[1]

June 16, 1922.

No. 22,870.

**Right of way at street intersection—automobile driver not negligent, when.**
  The driver of an automobile, approaching a street intersection, is
  not bound to anticipate that another driver coming from the right
  will fail to slow down for the intersection as required by chapter 391,
  Laws 1919, and is not guilty of negligence as a matter of law, if he
  proceeds after seeing the other driver coming at a high rate of speed
  and then 100 or 150 feet away.

Action in the district court for Hennepin county to recover $2,200
for damages to plaintiff's automobile. The case was tried before
Molyneaux, J., who when plaintiff rested granted the motion to dis-
miss the action as to Charles Silverson, denied the motion to dismiss
the action as to Taney, and at the close of the testimony denied plain-
tiff's motion to strike out the counterclaim of Catherine Silverson,
and a jury which returned a verdict for $600. Defendant Taney's
motion for judgment in his favor notwithstanding the verdict was
denied. From the judgment entered pursuant to the verdict, defen-
dant Taney appealed. Affirmed.

  *A. A. Tenner*, for appellant.
  *Loren Risk*, for respondent.

LEES, C.

On September 2, 1920, at about 12:30 p. m. plaintiff was driving
his automobile north on Third avenue South in the city of Minne-
apolis. At the same time defendant was driving an automobile west
on Twenty-sixth street, which intersects Third avenue at right an-
gles. There was a standard with a red globe on it in the center of
the intersection, placed there to warn drivers that the intersection
was a dangerous one. It is in the closely built up residential por-

[1]Reported in 188 N. W. 993.

tion of the city and there is much travel on both streets. Plaintiff and defendant were equally familiar with the locality. There was a collision and plaintiff's car was wrecked. Asserting that the collision was due to the negligence of the defendant, plaintiff brought this action to recover damages. The answer denied negligence and charged plaintiff with contributory negligence. The jury returned a verdict in plaintiff's favor. Defendant moved for judgment notwithstanding. The motion was denied, judgment was entered upon the verdict, and defendant appealed therefrom.

But one question is presented by the appeal: Was contributory negligence on the part of the plaintiff conclusively established? The evidence fairly showed that plaintiff approached the intersection cautiously, almost coming to a stop before entering the danger zone. He looked to his right and saw defendant's car coming toward him on Twenty-sixth street. It was then between 100 and 150 feet away. Coming from the north on Third avenue, he saw a car not far from the intersection. This car was driven by Charles H. Rennie, who testified as a witness for plaintiff. Driving at a speed of 8 or 10 miles an hour, plaintiff started to cross Twenty-sixth street, which is 34 feet wide measuring from curb to curb. Defendant came up at a speed of about 25 miles an hour, and, without slowing down, entered the danger zone, increasing the speed of his car when plaintiff was close upon him and swerving to the north in an attempt to pass and avert a collision, which was imminent. In this he failed, and the bumper on plaintiff's car caught the rear left wheel or fender of defendant's car. As a result, plaintiff's car was swung around to the west and the two cars overturned near the northwest corner of the intersection, one of them colliding with the Rennie car, which had the right of way there.

A driver approaching a street intersection is required to slow down. Chapter 391, p. 419, Laws 1919. He has the right of way over one approaching from his left. Section 22, chapter 119, p. 164, Laws 1917. But the latter is not bound to anticipate that the former will be negligent or that he will violate the statute. 2 Dunnell, Minn. Dig. § 7022. The evidence is all to the effect that defendant violated the statute in two respects. He did not slow down

as he approached the intersection and he attempted to pass in front of the Rennie car, which was as near or nearer to the intersection and had the right of way. Plaintiff could not be expected to foresee conduct of that sort. He was so much nearer than defendant to the intersection that he might reasonably assume he had ample time to cross Twenty-sixth street before defendant got to Third avenue. In Syck v. Duluth St. Ry. Co. 146 Minn. 118, 177 N. W. 974, Mr. Justice Holt said:

"The law of the road is not unyielding. It does not invariably give the vehicle to the right of the intersection the preference. Regard must be had to surrounding circumstances. * * * The statute in question does not warrant drivers of vehicles in taking close chances."

In Gibbs v. Almstrom, 145 Minn. 35, 176 N. W. 173, 11 A. L. R. 227, it was said that, if a driver approaching a street intersection sees a car coming from the right and so near that there is reasonable danger of collision if both cars proceed, it becomes his duty to yield the right of way. In Kunz v. Thorp F. P-D. Co. 150 Minn. 362, 185 N. W. 376, the doctrine above quoted was restated and affirmed. Defendant relies on Lindahl v. Morse, 148 Minn. 167, 181 N. W. 323, and Anderson v. A. E. Jenney Motor Co. 150 Minn. 358, 185 N. W. 378. These cases are clearly distinguishable upon the facts.

In Lindahl v. Morse, when plaintiff got to the intersection he saw defendant's car coming from the right at a speed of about 30 miles an hour and only 40 feet away. Nevertheless he kept on going, thinking he could cross the street before the defendant reached him, and it was held that he was guilty of negligence as a matter of law because he undertook to cross in entire disregard of the provisions of the statute.

In Anderson v. A. E. Jenney Motor Co. plaintiff did not look for cars until he passed the curb line. He then saw defendant's car approaching from his right at a speed of about 35 miles an hour. It was only 40 or 50 feet from the curb line. Plaintiff could have stopped his car within 12 or 14 feet. Instead of doing so, he attempted to cross ahead of defendant's car and the collision occurred.

The facts were practically the same as in Lindahl v. Morse, and that case was followed and plaintiff held guilty of contributory negligence as a matter of law.

In the case at bar plaintiff looked to his right as soon as he had a view of Twenty-sixth street. He testified that defendant's car was then half a block away. It was coming fast but was so far away that the jury might properly find that plaintiff had a right to assume he could safely cross before defendant reached the intersection.

We are of the opinion that the case was correctly disposed of and the judgment appealed from is accordingly affirmed.