# F. H. ARMSTRONG v. MINNEAPOLIS, ANOKA & CUYUNA RANGE RAILWAY COMPANY.[1]

November 17, 1922.

No. 22,929.

**When verdict in motor vehicle collision case will not be reversed.**

1. Where there is a collision between motor vehicles at a street intersection and defendant's negligence and plaintiff's contributory negligence are put in issue, the determination of both questions is peculiarly within the province of the jury and their verdict should not be disturbed unless the proof is such that upon no rational basis could reasonable minds draw different conclusions concerning the presence or absence of due care.

**Damages awarded plaintiff not excessive.**

2. The evidence did not conclusively establish contributory negligence on the part of the driver of plaintiff's truck and the damages awarded by the jury were not excessive.

Action in the district court for Hennepin county to recover $1,200 for injury to plaintiff's motor truck. The case was tried before Hale, J., and a jury which returned a verdict for $400. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*Stevens & Stevens,* for appellant.

*R. F. Merriam,* for respondent.

LEES, C.

Plaintiff was the owner of a motor truck and brought an action for damages resulting from a collision between the truck and defendant's street car. He recovered a verdict and defendant appealed from a denial of its motion for a new trial.

The collision occurred at the intersection of Eighth avenue Northeast and Second street Northeast in the city of Minneapolis. There is a double line of street car tracks on Second street. At the time

[1] Reported in 191 N. W. 47.

of the accident the street car was southbound on the westerly track and the truck was eastbound on Eighth avenue. The streets were dry and it was near noon on a bright June day.

According to the testimony of the truck driver, when he was about 75 feet west of Second street he looked north and saw the street car about a block away. He also noticed two little boys playing in the street, and, to avoid them, slightly changed his course, swerving towards the center of the street. When he had passed them, he straightened his course, intending to go on across the street car tracks, and looked towards the north a second time to see where the street car was and saw it only about 70 feet away, approaching at a speed which he estimated at 30 miles an hour. The truck was then within 20 or 25 feet of the street car track and a collision was imminent. In an attempt to avert it, the truck driver disengaged the clutch, applied the brakes and tried to swing to the south on Second street, but his motor stopped running and the oncoming street car struck the truck and drove it against the curb on the west side of Second street. When the street car came to a stop it was somewhat south of the south crosswalk on Eighth avenue. The plaintiff's case rested almost wholly on this testimony. It was corroborated to some extent by two young boys, one of whom testified that when the truck driver was going to cross the street "the street car bumped into him and dragged him a pretty far ways." "It (the truck) was going to turn and then the car hit it."

The witnesses for the defendant were the motorman and conductor on the car, a passenger and a man on the street who saw the collision. Their testimony was to the following effect: The street car practically came to a stop at the north line of Eighth avenue. Its speed did not then exceed one mile an hour, but had increased to 6 or 7 miles an hour at the time of the collision. When the car reached the north line of the intersection, the truck was 70 or 75 feet from the west line thereof, was approaching at a speed of about 8 miles an hour and swung to the right when close to the car, striking it near the side door leading into the vestibule.

All the evidence was to the effect that there were no obstructions to the view of either the truck driver or the motorman at any time

after the former first saw the street car. Eighth avenue is 41 feet wide, measuring from curb to curb, and Second street 40 feet. It is undisputed that there were children on Eighth avenue, on whose account the truck driver turned away from the course he was following as he neared the car tracks. Under the law of the road as declared in section 22, chapter 119, p. 164, Laws 1917, the jury might find that the truck driver had the right of way at the intersection. Soderberg v. Taney, 152 Minn. 376, 188 N. W. 993.

It is defendant's contention that, considering the evidence as a whole, it conclusively appears that the truck driver was guilty of contributory negligence and for that reason the court erred in denying its motion for a new trial. As a rule, when there is a collision between two motor vehicles after both have entered the danger zone at street intersections, only a few seconds of time separate the first appearance of danger from its disastrous consequences. Whether a man was negligent in what he did or failed to do under the circumstances presented is a question which the combined knowledge and experience of 12 jurors enables them to determine better than anyone else. Hence, in cases such as this, the verdict of the jury should not be disturbed unless the proof is such that upon no rational basis could reasonable minds draw different conclusions concerning the presence or absence of due care. Weiss v. Great Northern Ry. Co. 119 Minn. 355, 138 N. W. 423; Kelley v. Chicago, B. & Q. R. Co. 142 Minn. 44, 170 N. W. 886. We have considered all the evidence and the arguments of counsel based thereon, and have concluded that contributory negligence on the part of the truck driver was not conclusively proven. We make no analysis of the evidence, for it is not the duty of the court to demonstrate that the evidence was such as to justify the refusal of the trial judge to set the verdict aside. Carver v. Bagley, 79 Minn. 114, 81 N. W. 757; Weiss v. Great Northern Ry. Co. supra.

Defendant was not entitled to have the verdict set aside on the ground that it is excessive, for there was some evidence that the damage to the truck was equal to the amount of the verdict.

Order affirmed.