## L. T. ROBERTSON v. A. L. SPITLER AND OTHERS.[1]

November 17, 1922.

No. 23,026.

**Driver of motor truck negligent—driver of automobile free from negligence.**

1. In this an action to recover for damages to the auto of the plaintiff in a collision at a street crossing with an auto of the defendants the evidence sustains a finding that the defendants' driver was negligent and that the plaintiff was not negligent.

**Evidence of causal connection insufficient.**

2. Though the plaintiff did not keep to the right of the street intersection the evidence does not require a finding of a causal connection between such failure and the injury.

**Defendants' driver in the line of his employment.**

3. The evidence sustains a finding that the driver of the defendants was in the line of his employment.

Action in the district court for Hennepin county to recover $1,000 for injuries caused by the reckless driving of defendants' servant. The case was tried before Hale, J., who when plaintiffs rested denied defendants' motions for dismissal and a directed verdict, and at the close of the testimony denied their motion for a directed verdict, and a jury which returned a verdict for $750. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*Snyder, Gale & Richards,* for appellants.

*A. A. Tenner,* for respondent.

[1]Reported in 190 N. W. 992.

DIBELL, J.

Action to recover damages to the plaintiff's auto in a collision with an auto truck of the defendants. There was a verdict for the plaintiff. The defendants appeal from the order denying their alternative motion for judgment notwithstanding or a new trial.

1. Lyndale avenue in Minneapolis runs north and south. Groveland avenue runs east and west and intersects Lyndale at right angles, but the northerly side of Groveland on the east is a few feet northerly of its northerly side on the west, and there is a like situation on the southerly side. At this intersection Hennepin avenue crosses going in a northeasterly and southwesterly direction, thus making at the intersection of the three streets a crossing of many corners, and concededly a dangerous one.

On December 29, 1920, the plaintiff was driving southerly on Lyndale. When he came to Hennepin a part of Lyndale was roped off by the city traffic department and he was obliged to go south on Hennepin and then turn east, or to his left, and pass into Lyndale. The truck of the defendants was approaching on Hennepin from the southwest on a down grade. The truck of the defendants had the right of way. Laws 1917, p. 164, c. 119, § 22; Armstrong v. Minneapolis, A. & C. R. Ry. Co. supra, page 376; Soderberg v. Taney, 152 Minn. 376, 188 N. W. 993. This, however, did not necessarily make it negligence in one not having the right of way to attempt to take the crossing first. If it were so he must needs wait the passing of all cars approaching on his right. Drivers at crossings must give and take but with a sensible recognition of the law that gives the right of way to the one approaching from the right. The cases were recently reviewed in Soderberg v. Taney, 152 Minn. 376, 188 N. W. 993, and do not call for renewed discussion. The street was slippery, the truck of the defendants was coming on a down grade, at a fairly good speed, it skidded, was going "zigzag," and the driver lost control of it. The plaintiff says it was 150 to 175 feet away when he started to cross. Under these circumstances, conceding that a finding that plaintiff was negligent would be well sustained by the evidence, the law does not require such conclusion from the evidence.

The defendants claim that the plaintiff did not keep to the right of the center of the street crossing as required by the statute. Laws 1921, p. 784, c. 472, § 6. There may be some doubt whether he did, indeed it may be difficult to determine the location of the center of this crossing. In any event, though he was at the left, the evidence does not demand a finding that his failure to keep to the right had a causal connection with the injury.

That the jury might find that the driver of the defendants was negligent does not admit of serious dispute.

2. The argument is made though not greatly urged that it is not shown that the driver of the defendants' auto was acting within the scope of his employment. The evidence is sufficient, and that is all we need determine. The defendants did business under the name of "Northwestern Oldsmobile Company." The truck involved had printed on it the words "Oldsmobile Service." It was owned by the defendants. They employed the driver. He had taken the truck with their permission. There was evidence that, though rightfully out with the car, he had no specific business on Hennepin at the time. He had gone to a paint shop on Lyndale, apparently to get some articles for his employers, and they not being ready he drove down Hennepin with no particular purpose except to use his time until such articles were ready for delivery. The cases have been recently considered. Behrens v. Hawkeye Oil Co. 151 Minn. 478, 187 N. W. 605; Piepho v. M. Sigbert-Awes Co. 152 Minn. 315, 188 N. W. 998; Stoneman v. Smyth, supra, page 334. The evidence sustains a finding that he was in the line of his employment.

Order affirmed.