### EMMA J. O'CONNOR v. J. L. SINYKIN AND ANOTHER.
### J. P. O'CONNOR v. J. L. SINYKIN AND ANOTHER.[1]

March 27, 1925.

Nos. 24,492, 24,493.

**Question of negligence of driver, who failed to yield right of way, for jury.**
1. Automobile collision at a street intersection. The court charged that defendant who was coming from the left was negligent in failing to yield the right of way. The evidence was conflicting and the question for the jury.

**Contributory negligence question for jury.**
2. Whether plaintiff was chargeable with contributory negligence was also a question of fact for the jury.

**Requested instructions should have been given.**
3. Defendants were entitled to an instruction that if plaintiff's car traveled at a speed exceeding ten miles an hour for one-tenth of a mile it was prima facie unreasonable.
*Headnote 1. See Motor Vehicles, 28 Cyc. p. 49.
Headnote 2. See Motor Vehciles, 28 Cyc. p. 49.
Headnote 3. See Motor Vehicles, 28 Cyc. p. 49.

Two actions in the district court for Ramsey county. The cases were tried together before Hanft, J., and a jury which returned a verdict for $1,500 in favor of Emma J. O'Connor and for $100 in favor of J. P. O'Connor. From orders denying their motions for judgments notwithstanding the verdicts or for a new trial, defendants appealed. Reversed.

*Bundlie & Kelley,* for appellants.
*Charles F. Kelly* and *Dahl & McDonald,* for respondents.

TAYLOR, C.

These actions grew out of a collision between two automobiles at a street intersection in a closely built up part of the city of Minne-

[1]Reported in 202 N. W. 891.

apolis. They were tried together. Plaintiff, Emma J. O'Connor, recovered a verdict for the injuries which she sustained in the collision and for the damages to her automobile. Plaintiff, J. P. O'Connor, recovered a verdict for the damages resulting to him on account of the injuries sustained by his wife, the plaintiff in the other action. Defendants appeal from an order denying their alternative motion for judgment notwithstanding the verdict or for a new trial in each action.

Sixth avenue and Third street south intersect at right angles—the avenue running in a northerly and southerly direction, the street in an easterly and westerly direction. Plaintiff was proceeding in a southerly direction along Sixth avenue in her Paige touring car driven by a young man named Arrigan. Defendants' Dodge truck was proceeding in a westerly direction along Third street driven by an employe named Zidel. A fire department building at the northeast corner of the intersection obstructed the view of both drivers. Neither driver slowed down for the intersection, and each claims that he reached it before the other. The truck driver, seeing a collision was imminent, swerved his car to the left down the avenue in an attempt to avert it, but the cars collided near the southwest corner of the intersection.

It is well-settled, of course, that where an accident happens in consequence of the negligence of both parties, neither is entitled to recover from the other. It has also been said repeatedly that, where two automobiles are approaching each other at an intersection, neither is justified in taking close chances; that it is the duty of both to slow down; and that, where it is probable that a collision will occur if both proceed at the rate and in the manner in which they are traveling, it is the duty of the one coming from the left to yield the right of way. Schaar v. Conforth, 128 Minn. 460, 151 N. W. 275; Gibbs v. Almstrom, 145 Minn. 35, 176 N. W. 173, 11 A. L. R. 227; Syck v. D. St. Ry. Co. 146 Minn. 118, 177 N. W. 944; Rosenau v. Peterson, 147 Minn. 95, 179 N. W. 647; Hinkel v. Stemper, 148 Minn. 77, 180 N. W. 918; Lindahl v. Morse, 148 Minn. 167, 181 N. W. 323; Robertson v. Spitler, 153 Minn. 395, 190 N. W. 992;

Soderberg v. Taney, 152 Minn. 376, 188 N. W. 993; Primock v. Goldenberg, 161 Minn. 160, 200 N. W. 920.

The court charged the jury that:

"Under the testimony as it stands and under the law applicable thereto the driver of the O'Connor car had the right of way, and it was negligence on the part of the driver of the LaSalle car to fail to yield to him the right of way."

Defendants contend that the court was not justified in charging that their driver was negligent as a matter of law. They insist the evidence does not show conclusively that it was his duty to yield the right of way. If the cars came into the intersection and collided as related by the three occupants of plaintiff's car and by two or three other witnesses who were at the intersection at the time, the charge was justified. Defendants' driver, however, testified that he first saw plaintiff's car when he was 10 or 15 feet from the east line of the avenue, and that it was then about half a block from the intersection. He says that he was going between 15 and 18 miles an hour, and that, in his judgment, plaintiff's car was going between 20 and 25 miles an hour. The witness Stahlman was proceeding north along the sidewalk on the east side of Sixth avenue and when he reached Third street paused for the truck to pass in front of him. He says that at this time plaintiff's car was at a point which he marked on a diagram and which appears to be more than the width of the fire department building from the intersection. He did not estimate the distance, but estimated the speed of the car as twice that of the truck. If the driver of the truck reached the intersection when the car was as far away as he states, it could not be said as a matter of law that he was required to yield the right of way. We think that the evidence as a whole made the question of his negligence in failing to yield the right of way a question of fact for the jury rather than of law for the court.

Defendants relied mainly on the claim of contributory negligence on the part of plaintiff's driver. They insisted that such negligence was conclusively established, but the court held, and we think correctly, that the question was for the jury.

Section 2709, G. S. 1923, provides:

"No person shall drive a motor vehicle upon any public highway of this state at a speed greater than is reasonable and proper, having regard to the traffic and use of the highway, or so as to endanger the life or limb or injure the property of any person. If the rate of speed of any motor vehicle, operated on any public highway in this state, where the same passes through the closely built up portions of any incorporated city, town or village, or where the traffic is more or less congested, exceeds ten (10) miles an hour for a distance of one-tenth of a mile, * * * such rates of speed shall be prima facie evidence that the person operating such motor vehicle is running at a rate of speed greater than is reasonable and proper."

In the charge the court quoted the first sentence in the above excerpt from the statute, but refused to give an instruction embodying the substance of the second sentence on the ground the facts did not bring the case within that provision.

It was admitted that the intersection is within the closely built up part of the city. Plaintiff's driver said that he was running between 15 and 18 miles an hour, and no one places his speed at less than that. The court was evidently of opinion that the evidence failed to show that this speed had continued for a distance of one-tenth of a mile. The three occupants of the car testified as to the manner in which they had driven from plaintiff's home in St. Paul to the place of the collision, and the jury could have found from their testimony that they had driven the entire distance at substantially the same rate of speed. In approaching the intersection, it was the duty of both drivers to slow down and bring their machines under control, but neither did so. The court charged that defendants' driver was negligent, and the only question left for the jury to determine, except the amount of the damages, was whether plaintiff's driver was also negligent. If plaintiff had driven the specified distance at more than the specified speed, a question for the jury, we think that defendants were entitled to the benefit of the presumption of negligence arising therefrom under the statute, and that the requested instruction should have been given.

Defendants also complain because the court stated to the jury the distance which a car would travel per second at different rates

of speed per hour mentioned in the testimony. This was a mere mathematical computation, to which we see no objection. It may often be of aid to the jury.

The orders denying new trials are reversed.