## THEODORE WEGMANN v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

October 30, 1925.

No. 24,854.

**Error to order judgment notwithstanding verdict.**

1. Whether the plaintiff was negligent in attempting to cross with his auto in front of an approaching street car was a question of fact for the jury; and it was error to direct judgment for the defendant notwithstanding the verdict for the plaintiff.

**After reversal of such order on appeal, motion for new trial is before trial court.**

2. When an order for judgment is granted by the trial court on an alternative motion for judgment or a new trial, and on appeal the order is reversed, upon the going down of the remittitur the motion for judgment stands as denied and the motion for a new trial is before the court for disposition.

1. See Street Railroads, 36 Cyc. p. 1624 (Anno).
2. Appeal and Error, 4 C. J. p. 1213, § 3264 (Anno).

Action in the district court for Hennepin county to recover for personal injuries. The case was tried before Montgomery, J., and a jury which returned a verdict in favor of plaintiff. Plaintiff ap-

[1]Reported in 205 N. W. 433.

pealed from an order granting defendant's motion for judgment notwithstanding the verdict. Reversed. '

*Douglas, Kennedy & Kennedy,* for appellant.

*R. T. Boardman* and *J. F. Dulebohn,* for respondent.

DIBELL, J.

Action to recover damages occasioned by a collision with a car of the defendant street railway company. There was a verdict for the plaintiff. The defendant moved in the alternative for judgment or a new trial. The motion for judgment was granted and the plaintiff appeals. The question is whether the evidence establishes the plaintiff's contributory negligence as a matter of law.

1. University avenue extends easterly and westerly at the point of the collision. At that point Washington avenue comes into University avenue from the southwest but does not cross it. The street car tracks turn southerly out of University avenue and proceed along Washington avenue. No tracks extend farther west on University. About 7:40 p. m. of September 2, 1923, the plaintiff was driving his auto easterly on the southerly side of University avenue and approached the point where the tracks turn into Washington avenue. He proceeded in a direct course east, and in crossing them, at the usual place, the rear end of his auto was struck by a street car coming from the east and turning into Washington.

When the plaintiff approached the turn of the street car tracks there was approaching him the street car. One must cross the course of the other. It was his duty to heed the traffic coming westerly on University and turning into Washington, and the traffic coming easterly on the southerly side of Washington and turning into the stream of eastbound traffic on the southerly side of University in which he was traveling. The evidence for the plaintiff is that he maintained his course; some offered by the defendant is that he stopped a few feet from the tracks, as if waiting for the street car to pass, and started when it was nearly upon him; and some offered for the plaintiff is that as he approached the tracks the street car was so far east that he might conclude that he could continue his course safely.

The situation was one calling for care on the part of the plaintiff and of the motorman. They were in or closely approaching the danger zone. The evidentiary facts are in dispute. Different men might draw different inferences from them. The jury might find that both were negligent, or the plaintiff alone, or the motorman alone, or neither of them. A detailed discussion or analysis of the cases is not worth while. We note the following: Holman v. Ivins, 150 Minn. 285, 184 N. W. 1026, 21 A. L. R. 964; Armstrong v. M. A. & C. R. Ry. Co. 153 Minn. 374, 191 N. W. 47, and cases cited; Bradley v. M. St. Ry. Co. 161 Minn. 322, 201 N. W. 606.

2. The motion for judgment having been granted, there was no judicial action upon the motion for a new trial. Upon the going down of the remittitur the motion for judgment stands as denied and the motion for a new trial is before the court for disposition. Attebury v. Jones, 161 Minn. 295, 202 N. W. 337; Kies v. Searles, 146 Minn. 359, 178 N. W. 811.

Order reversed.