# WILLIAM KING v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

May 14, 1926.

No. 25,335.

**Question of negligence for jury, therefore error to order judgment non obstante.**

The auto of the plaintiff, which he was driving, .collided with a street car of the defendant at a street intersection and was damaged. There was a verdict for the plaintiff. The evidence as to the negligence of the plaintiff and the defendant was for the jury and judgment for the defendant notwithstanding the verdict should not have been ordered.

Street Railroads, 36 Cyc. p. 1496 n. 18; p. 1609 n. 55; p. 1615 n. 88, 91; p. 1628 n. 55.

Action in the municipal court of Minneapolis to recover damages for injuries to an automobile. The case was tried before Fosseen, J., and a jury which returned a verdict in favor of plaintiff. He appealed from an order granting defendant's motion for judgment notwithstanding the verdict. Reversed.

*Mead & Bryngelson,* for appellant.

*John F. Dulebohn* and *Ralph T. Boardman,* for respondent.

DIBELL, J.

Action to recover damages for an injury to the plaintiff's automobile through a collision with a street car of the defendant. There was a verdict for the plaintiff. Defendant moved in the alternative for judgment notwithstanding or a new trial. The court ordered judgment notwithstanding. The plaintiff appeals.

The court was of the view that the plaintiff as a matter of law was negligent and that his negligence contributed to the injury. If the order is sustained it must be for the reason given, or because as a matter of law the defendant was not negligent.

[1]Reported in 208 N. W. 1007.

The plaintiff was driving south on Hennepin avenue in Minneapolis about 6 o'clock in the evening of October 22, 1924. A double-track street-car line traverses the avenue. He turned to his left to pass into Girard avenue at its intersection with Hennepin. He signaled the traffic coming from his rear. A street car and several autos were coming from the south. The plaintiff moved slowly, intending to allow two autos coming from the south to pass, and then cross the easterly track, when a third car drove between the two, obstructing or trapping him so that he was obliged to stop in front of the approaching street car. This is the story he tells. The jury could believe it.

It was the duty of the motorman to be on his guard and to use ordinary care as he approached the crossing. A like duty rested upon the defendant in crossing. The different factors affecting the accident such as time, distances, speed and location, were not such that the law can make a mathematical deduction that plaintiff was negligent or the defendant free of negligence. The determining facts were in dispute and jurors from different walks of life might honestly and intelligently differ, or agree, upon what they were, and upon the proper inferences to be drawn from them. The issues were for the jury and the evidence sustains the verdict. We note the following: Wegmann v. M. St. Ry. Co. 165 Minn. 41, 205 N. W. 433; Armstrong v. M. A. & C. R. Ry. Co. 153 Minn. 374, 191 N. W. 47; Bradley v. M. St. Ry. Co. 161 Minn. 322, 201 N. W. 606.

Order reversed