## PHILL JONCAS v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

December 3, 1926.

No. 25,704.

**Contributory negligence of driver of automobile in collision with street car question for jury.**

At a street intersection plaintiff drove his automobile northerly past the rear of a street car headed east which had stopped on the far side of the crossing to discharge passengers. Another street car came from the east on the west bound track, traveling at 15 to 20 miles per hour, passed the standing street car and struck plaintiff's automobile, doing damage. *Held*, under the circumstances stated in the opinion, plaintiff's contributory negligence was a jury question.

Judgments, 33 C. J. p. 1185 n. 56.
Street Railroads, 36 Cyc. p. 1622 n. 27; p. 1628 n. 58.

———————

See 15 A. L. R. 236; 25 R. C. L. 1305; 4 R. C. L. Supp. 1628.

Plaintiff appealed from an order of the municipal court of Minneapolis, White, J., granting defendant's motion for judgment notwithstanding the verdict. Reversed.

*Earl J. Lyons*, for appellant.

*John F. Dulebohn* and *Ralph T. Boardman*, for respondent.

WILSON, C. J.

Plaintiff appealed from an order granting defendant's motion for judgment notwithstanding the verdict.

At about 6:15 p. m. on February 16, 1925, plaintiff drove his car northerly along Second avenue southeast in Minneapolis, toward the intersection with Fourth street southeast. He stopped his automobile to permit a street car coming from his left to pass in front of him to the east. It stopped at the usual place on the far side of the avenue to dispose of passengers. Plaintiff could see the light of

[1]Reported in 211 N. W. 462.

another street car about a block to his right coming on the west bound track on Fourth street until the standing street car obstructed his view. He put his car in low gear and attempted to cross the street in the rear of the standing street car. When he reached the further and west bound track the approaching street car, traveling about 15 to 20 miles per hour, struck him. The automobile was traveling about three miles per hour.

The trial court held plaintiff was guilty of contributory negligence as a matter of law. Plaintiff had a right to assume that the approaching street car would not pass the standing street car in a negligent manner but would slow down, as is usually done, to avoid harm to persons leaving the standing car and passing to the rear thereof. Turner v. Minneapolis St. Ry. Co. 153 Minn. 509, 190 N. W. 986; Soderberg v. Taney, 152 Minn. 376, 188 N. W. 993. Had it done so it is not probable that the accident would have occurred. In order for the court to dispense with the services of the jury and say that the plaintiff is guilty of contributory negligence as a matter of law the undisputed evidence must be such as to clearly establish such contributory negligence. Aubin v. Duluth St. Ry. Co. infra, page 342. Upon the record in this case we think reasonable minds may draw different conclusions as to plaintiff's contributory negligence. We are of the opinion that the court erred in granting judgment and that the evidence in the case justified the jury in finding plaintiff free from contributory negligence. King v. Minneapolis St. Ry Co. 167 Minn. 309, 208 N. W. 1007; Wegmann v. Minneapolis St. Ry. Co. 165 Minn. 41, 205 N. W. 433; Bradley v. Minneapolis St. Ry. Co. 161 Minn. 322, 201 N. W. 606; Armstrong v. M. A. & C. R. Ry. Co. 153 Minn. 374, 191 N. W. 47.

Reversed.