MIKE MOZES v. F. W. BORLAUG.[1]

January 26, 1934.

No. 29,703.

[1]Reported in 252 N. W. 420.

*Wright, Lyons & Wright,* for appellant.
*Robert L. MacPhail* and *Sweet, Johnson & Sands,* for respondent.

*HOLT, Justice.*

There was a verdict for plaintiff. On defendant's motion in the alternative for judgment notwithstanding the verdict or a new trial, judgment was ordered for defendant, and plaintiff appeals from the order.

About 10 p. m. of October 12, 1931, plaintiff, driving his Chevrolet car south on Thirty-sixth avenue south over Thirty-seventh street, Minneapolis, collided with a Ford car driven east on Thirty-seventh by defendant. Plaintiff sues to recover for the damage his Chevrolet car sustained in the collision. The only question presented by the appeal is: Does the evidence as a matter of law establish that plaintiff's negligence proximately contributed to the collision? Plaintiff's wife was in the rear seat, and one Kastor was in the front seat with the driver. Their testimony adds nothing to what he testified on the subject of his driving. Plaintiff testified that he drove into the intersection at the speed of 15 miles per hour, at which speed he could stop within the space of 4 feet; that when 30 feet from the intersection of Thirty-seventh street he noticed defendant's car some distance west, the headlights dull or intermittent; that when about to cross the center line of Thirty-seventh street he again noticed defendant coming at a speed of 50 miles an hour, about 30 feet from him, his right-hand wheels over the south curb of Thirty-seventh street; that he did not attempt to stop, but proceeded on and was struck, after his car was over the south curb line of Thirty-seventh street, at his right front wheel; that his car was turned completely around and defendant's car ran up over the curb and sidewalk, and against the dwelling at the southeast corner of the intersection. Photographs of the cars show beyond dispute that the front right-hand corner of plaintiff's car struck the defendant's car back of the front bumper, smashing in the fender over the front wheel, and struck with such force as to bend the frame in front of the front axle of plaintiff's car. No contact on the front of defendant's car was produced by the collision.

Accepting plaintiff's testimony as true, that before the front of his car crossed the center line of Thirty-seventh street and when he could have stopped within the space of 4 feet, he saw defendant's car coming at high speed and so out of control that the right-hand wheels thereof were over the south curb of the street, he must be held guilty of negligence when he made no effort to stop. His proceeding then would obviously result in a collision. That the condition in which the cars were left demonstrates that plaintiff's testimony is not true does not avoid the conclusion that his negligence appears as a matter of law from his own testimony, for the physical facts also confirm the conclusion that his negligence caused the collision. No person in his right senses, seeing what plaintiff testified he saw of defendant's position and driving, could have entertained the hope of avoiding a collision by going forward. Plaintiff's own testimony presents a clearer case of contributory negligence than in Rosenau v. Peterson, 147 Minn. 95, 179 N. W. 647; DeHaan v. Wolff, 178 Minn. 426, 227 N. W. 350; Reddy v. Rex Oil Co. 182 Minn. 139, 233 N. W. 853.

The order is affirmed.