## GEORGE P. AND NINA B. REYNOLDS v. BRITTON A. AND GRETA H. GOETZE.[1]

June 8, 1934.

Nos. 29,934, 29,935.

*Merriam & Wright,* for appellants
*John T. Rohwedder,* for respondents.

*PER CURIAM.*

These two actions, tried together, arose out of a collision between an automobile owned by defendant Goetze and driven by his wife and an automobile owned by plaintiff Reynolds, which his wife was driving. The plaintiffs, husband and wife, had verdicts for $750 and $300, respectively. The appeals are from judgments entered thereon. The claim is that the court erred in denying defendants' motion for judgment notwithstanding the verdicts. The only ground asserted therefor is that the driver of the plaintiffs' car was as a matter of law guilty of contributory negligence. That question, as well as that of defendants' negligence, was submitted to the

[1]Reported in 255 N. W. 249.

jury. On the record it is conceded that defendant Mrs. Goetze was negligent.

We are here to consider the evidence most favorable to plaintiffs. For defendants to prevail the evidence must be so conclusive as to compel a finding contrary to the verdict.

Zenith avenue in Minneapolis runs north and south. It is crossed at right angles by West Fiftieth street, which is paved. The distance between the curbs of the respective streets is 32 and 36 feet. Plaintiffs lived on Zenith avenue in the third house south of the intersection. About 5:45 p. m. on November 9, 1931, Mrs. Reynolds drove her husband's automobile from their home northward in second gear to the intersection, where she stopped with the front of the car over the south sidewalk line of West Fiftieth street. She looked to the right and saw the defendants' car approaching half a block away (148 feet) ; she did not notice its speed; she glanced to the left and saw a car approaching from the west about the same distance away; she looked ahead and saw a third car going south on Zenith avenue, which stopped just before reaching West Fiftieth street. There were three distracting circumstances. She then proceeded, in second gear, at a speed between five and ten miles an hour. When the full length of her car had passed the center line of West Fiftieth street it was struck violently on the right side in about its center by defendants' car, resulting in the injuries complained of. The evidence shows that the defendants' car approached the intersection at a speed of 35 miles an hour; that it entered the intersection without slackening speed.

Manifestly the question of Mrs. Reynolds' contributory negligence was one of fact for the jury's determination. Its conclusion had abundant support in the evidence. Under the circumstances, the driver of the plaintiffs' car had the right to assume that the defendants' car would be so driven as to permit her to clear the intersection in safety. Soderberg v. Taney, 152 Minn. 376, 188 N. W. 993; Primock v. Goldenberg, 161 Minn. 160, 200 N. W. 920, 37 A. L. R. 484. Defendants cite, among others, the cases of Chandler v. Buchanan, 173 Minn. 31, 216 N. W. 254; DeHaan v. Wolff, 178 Minn. 426, 227 N. W. 350; Hermanson v. Switzer, 188 Minn. 455, 247

N. W. 581; Mozes v. Borlaug, 190 Minn. 568, 252 N. W. 420. A reading of the facts in those cases plainly shows their inapplicability as authority in defendants' favor.

Affirmed.

*DEVANEY, Chief Justice,* took no part.