## MARGUERITE GUTHRIE v. CHESTER BROWN.[1]

October 26, 1934.

No. 29,952.

*Orr, Stark, Kidder & Freeman,* for appellant.
*William M. Nash* and *Chester L. Nichols,* for respondent.

*I. M. OLSEN, Justice.*

Defendant appeals from the judgment in favor of the plaintiff. The only question presented for review is whether, from the evidence, it conclusively appears as a matter of law that plaintiff was guilty of contributory negligence and that, therefore, the court erred in denying defendant's motion for a directed verdict and his motion for judgment notwithstanding the verdict, on that ground.

The case is one to recover damages for personal injury, medical and hospital expenses, and damage to plaintiff's car caused by an

[1]Reported in 256 N. W. 898.

automobile collision at a road intersection. The jury returned a verdict in plaintiff's favor.

The accident happened at the intersection of two county highways. Defendant's negligence is not now questioned. There is evidence which would justify the jury in finding that plaintiff approached the intersection at a speed of about 20 miles an hour; that she slowed up to a momentary stop at the intersection and shifted gears; that she looked for approaching cars on the intersecting highway and saw defendant's car coming from her right about a block distant, estimated by her to be 250 or 300 feet away; that she thought she had time to cross the intersection in safety, then proceeded into the intersection at a slow speed, and was struck by defendant's car when her car was crossing the center line of the intersection; that plaintiff did not again look to her right nor see defendant's car after she was in the intersection; that defendant came up to the intersection going at a speed of 35 to 40 miles an hour, did not slow up for the intersection, and did not see plaintiff's car until it was right in front of him; that he "slammed" on his brakes but was so near that he could not stop before striking plaintiff's car; that had defendant looked at any time while he was traveling the 500 feet before he reached the intersection he would have seen plaintiff's car then in plain view, either just about to enter the intersection or already within it.

Defendant frankly admits his rate of speed and his failure to look for or see plaintiff's car. The jury could further find that plaintiff entered the intersection at a time when defendant was at such a distance therefrom that she had no reasonable ground to apprehend that he would collide with her car if he exercised, ordinary care. She testified that she was not aware of the speed at which he was going. She did not know that he had failed to look ahead or to see her car. She had a right to assume that he would see her car then in plain view ahead of him at and in the intersection.

While there is not now any traffic law directly requiring an automobile to slow up at highway intersections where there are no

436

obstructions or traffic signs, it does not follow that a motorist may approach and enter an intersection heedlessly, at high speed, without looking to see if other cars are ahead of him there. The right of way rule does not go to that extent. The situation is governed by the general rules stated in 1 Mason Minn. St. 1927, §§ 2720-3, 2720-4, that all drivers must exercise ordinary care, under the circumstances of each particular situation, and not carelessly or heedlessly disregard the safety or rights of others.

The fact that one not having the right of way at an intersection attempts to take the crossing first is not conclusive of negligence. Robertson v. Spitler, 153 Minn. 395, 190 N. W. 992; Krinke v. Gramer, 187 Minn. 595, 246 N. W. 376. Failure to look again after entering the intersection did not constitute negligence as a matter of law. It was one of the facts to be considered by the jury in determining whether plaintiff was guilty of contributory negligence. Stallman v. Shea, 99 Minn. 422, 109 N. W. 824; Johnson v. Brastad, 143 Minn. 332, 173 N. W. 668; Joncas v. Minneapolis St. Ry. Co. 169 Minn. 278, 211 N. W. 462. The negligence of the defendant did not excuse the plaintiff from exercising due care, but is a circumstance for consideration of the jury in determining plaintiff's contributory negligence. Turner v. M. St. P. & S. S. M. Ry. Co. 164 Minn. 335, 205 N. W. 213.

Plaintiff was not bound to anticipate that defendant would be negligent. She had the right to assume that defendant would exercise ordinary care in driving unless and until she became aware of the contrary. Hillstrom v. Mannheimer Bros. 146 Minn. 202, 178 N. W. 881; Soderberg v. Taney, 152 Minn. 376, 188 N. W. 993; Klare v. Peterson, 161 Minn. 16, 200 N. W. 817; Primock v. Goldenberg, 161 Minn. 160, 200 N. W. 920, 37 A. L. R. 484; Joncas v. Minneapolis St. Ry. Co. 169 Minn. 278, 211 N. W. 462; Anderson v. Duban, 170 Minn. 155, 212 N. W. 180; Hayden v. Lundgren, 175 Minn. 449, 221 N. W. 715; Reynolds v. Goetze, 192 Minn. 37, 255 N. W. 249.

It is only in the clearest cases, where the facts are undisputed, and it is plain that all reasonable men can draw but one conclusion from them that the question of contributory negligence becomes one

of law. Klare v. Peterson, 161 Minn. 16, 200 N. W. 817; Joncas v. Minneapolis St. Ry. Co. 169 Minn. 278, 211 N. W. 462; Aubin v. Duluth St. Ry. Co. 169 Minn. 342, 211 N. W. 580; Eichhorn v. Lundin, 172 Minn. 591, 216 N. W. 537; Fitzgerald v. Village of Bovey, 174 Minn 450, 219 N. W. 774; Mechler v. McMahon, 180 Minn. 252, 230 N. W. 776; Heikkinen v. Cashen, 183 Minn. 146, 235 N. W. 879; Brown v. Raymond Bros. M. T. Inc. 186 Minn. 321, 243 N. W. 112.

Contributory negligence was here a question of fact for the jury and properly submitted to them. Plaintiff, seeing defendant's car at a safe distance from the intersection, was not obliged to wait for it to pass. Her evidence justified the jury in finding that she was not guilty of contributory negligence. Her failure to look again for defendant's car, during the second or so while she drove the 30 feet from the edge to the center of the road, was not negligence as a matter of law. The verdict is sustained by the evidence, and the court did not err in denying the motions for a directed verdict and for judgment notwithstanding the verdict.

Defendant places reliance on Chandler v. Buchanan, 173 Minn. 31, 216 N. W. 254, and Hermanson v. Switzer, 188 Minn. 455, 247 N. W. 581, and other similar cases. In the two cases above cited the plaintiffs, who were held negligent, heedlessly drove into an intersection without looking to their right. Their testimony that they did look and did not see defendants' cars, then in plain view and practically at the intersection, was rejected by this court.

Judgment affirmed.