CAROLAIDE E. AND C. H. DROWN v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

January 28, 1938.

No. 31,513.

[1]Reported in 277 N. W. 423.

See 199 Minn. 193, 271 N. W. 586.

*R. T. Boardman* and *J. F. Dulebohn,* for appellant.

*Mark F. Crotty* and *C. E. Warner,* for respondents.

GALLAGHER, CHIEF JUSTICE.

Appeal in a personal injury action from an order denying defendant's alternative motion for judgment or a new trial after verdicts for plaintiffs.

Defendant asserts that the verdict is not supported by the evidence. At a previous trial a verdict was directed for defendant. On appeal this court held that under the evidence the questions of defendant's negligence and of plaintiff's contributory negligence were for the jury. Drown v. Minneapolis St. Ry. Co. 199 Minn. 193, 271 N. W. 586. Substantially the same facts were brought out in the instant trial as are detailed in the opinion of Mr. Justice Hilton on the former appeal. Although modified in some respects, the evidence still sets out a situation within the purview of Wegmann v. Minneapolis St. Ry. Co. 165 Minn. 41, 205 N. W. 433, which we regarded as decisive of the former appeal. We adhere to our former holding that the evidence is sufficient to take the case to the jury.

The other assignment of error is that plaintiffs' counsel was guilty of misconduct. The conductor testified that there were 35 or 40 persons on the streetcar involved in the collision. In his argument to the jury counsel called attention to the fact that only three of them were called by defendant as witnesses. Since there was nothing to indicate that any of the other passengers possessed any peculiar knowledge of the facts, there could be no inference that their testimony would be hostile to defendant if called, and defendant's failure to call them offered no basis for proper comment. 2 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934, 1937) § 3444. The lower court apparently did not believe this comment warranted a new trial, and since defendant has failed to show that it was

prejudiced because of it, this court cannot hold that it was an abuse of discretion not to grant a new trial.

Order affirmed.

HOLT, JUSTICE (dissenting).

I think plaintiff's contributory negligence appears as a matter of law, and hence the court erred in refusing to grant defendant's motion for a directed verdict and judgment *non obstante*.

JULIUS J. OLSON, JUSTICE (dissenting).

I concur in the views of Mr. Justice Holt.

