## GENEVIEVE KANE v. CASSIUS M. LOCKE.[1]

December 10, 1943.

No. 33,504.

*Seth Lundquist* and *Robert Cowling,* for appellant.
*Genevieve Kane, pro se.*
*Freeman, King & Geer,* for respondent.

YOUNGDAHL, JUSTICE.

This appeal is from the order denying plaintiff's motion for a new trial in an action for the recovery of damages for personal injuries sustained as the result of a collision between plaintiff's and defendant's automobiles.

The accident occurred on the morning of October 10, 1941, in Minneapolis at the intersection of Spruce Place, which runs in a general northerly and southerly direction, and West Grant street, which runs in a general easterly and westerly direction, and crosses Spruce Place at right angles. Both streets are approximately 35 feet wide. The area immediately surrounding the intersection is in close proximity to the downtown district, and congested. At the time of the collision, automobiles were parked along both streets close to the intersection. Four large buildings, flush with the sidewalk, created another obstruction, thus making it difficult for drivers to observe approaching cross traffic. On the day of the

[1] Reported in 12 N. W. (2d) 495.

accident the weather was clear and the streets dry. Plaintiff was riding in her automobile, which was driven by her husband, in a northerly direction on Spruce Place. Defendant was traveling west on West Grant street, approaching the intersection from plaintiff's right. The testimony is conflicting as to which party entered the intersection first, and the relative traveling speed of the parties is placed at from 15 to 25 miles per hour for the plaintiff, and from 3 or 4 miles to 15 for the defendant. When the collision occurred both cars appear to have stopped suddenly. Plaintiff's car skidded slightly to the left with the rear portion resting beyond the center of the intersection and the front wheels beyond the northerly curb line of Spruce Place. Defendant's bumper collided with the right rear fender and wheel of plaintiff's car. It is undisputed that there was some damage to the fender, running board, and door of plaintiff's car. The extent of the damage was in dispute. The testimony is conflicting regarding the damage, if any, to defendant's car. Plaintiff claims that there was damage to the grill and the radiator, which was leaking profusely after the collision. Defendant denies any substantial damage to his car. Plaintiff asserts that as a result of the accident caused by defendant's negligence she sustained certain personal injuries. Defendant denies any negligence on his part and contends that plaintiff's injuries, if any, were contributed to by her own negligence. The case was submitted on these issues to the jury, which returned a general verdict for defendant. From the order denying plaintiff's motion for a new trial, this appeal followed.

Three attorneys have appeared in this case in behalf of plaintiff. The firm of Carlson & Carlsen tried the action. Mr. Seth Lundquist was substituted subsequent to the trial. He appeared in the motion for a new trial and wrote appellant's brief. A few days before the oral argument in this court, plaintiff terminated the services of Mr. Lundquist and employed Mr. Robert Cowling to represent her on the oral argument. Upon the argument, Mr. Cowling specifically withdrew from the consideration of this court all the assignments of error except those which relate to: (1) The

sufficiency of the evidence to sustain the verdict; and (2) the propriety of the court's order denying a new trial on the ground of newly discovered evidence. We therefore confine our discussion to these two questions.

Plaintiff asserts that the physical facts demonstrate beyond question that her automobile reached the intersection first and that she had the right to proceed ahead of defendant. Therefore, it is her position that the verdict for defendant is not reasonably sustained by the evidence and that she is entitled to a new trial. With this view we are not in accord. The only disinterested witness who saw the collision testified that defendant entered the intersection first. True, it was undisputed that the front portion of defendant's automobile struck the right rear wheel and fender of plaintiff's car after plaintiff had crossed the center line of West Grant street. Plaintiff urges that the testimony, considered in the light most favorable to defendant, indicates that he was traveling approximately five miles an hour when he reached the intersection and that plaintiff was traveling 25 miles an hour. She makes much of the point that with the automobiles operating at these speeds the collision could not possibly have occurred where it did. This argument places too much reliance upon mathematical nicety and fails to consider the fact that the testimony of the witnesses as to distances and speed is based on estimates and their impressions as to what they observed at the time. Such testimony cannot be held to the exactness relied upon by counsel. This argument might have probative weight before a trier of fact, but before a court of review it loses its force, since the issue has been determined by the jury adversely to plaintiff. Merritt v. Stuve, 215 Minn. 44, 57, 9 N. W. (2d) 329. The testimony indicates that there was a sufficient disparity in the speeds of the automobiles so that reasonably minded persons might conclude that defendant reached the intersection first; but, because of the greater speed of plaintiff's automobile, she could have reached the northeast corner of the intersection at the time of the collision. The jury could reasonably find from the evidence that plaintiff came into the intersection with the view ob-

structed, traveling at a speed of 25 miles an hour, and failed to yield the right of way to defendant. From a careful reading of the transcript of the evidence, it appears clear to us that the issue of negligence was a fact question properly presented to the jury, and that the most that can be said for plaintiff is that the issue could have been determined either way.

To assume that defendant was negligent does not help plaintiff, since contributory negligence was involved. Plaintiff owned the automobile driven by her husband and was riding in it as a passenger at the time of the accident. The court charged the jury that, under Minn. St. 1941, § 170.04 (Mason St. 1940 Supp. § 2720-104), which provides in substance that when any person other than the owner operates a motor vehicle with the consent of such owner the operator thereof, in case of accident, shall be deemed the agent of the owner, Mr. Kane was the agent of plaintiff, his wife, and that, under said provision, his negligence, if any, was imputable to her. Such is not the law in this state. Christensen v. Hennepin Transp. Co. Inc. 215 Minn. 394, 10 N. W. (2d) 406. No exceptions, however, were taken to the court's charge. Moreover, plaintiff's counsel at the oral argument specifically stated that it could be considered that the negligence of Mr. Kane, if any, was imputable to plaintiff. Therefore it became the law of the case, and we need not consider and apply the doctrine discussed in the Christensen case, *supra.* "An instruction unobjected to becomes the law of the case, however erroneous it may be; * * * and whether the charge is right or wrong, it must, for the purposes of an appeal, be taken as the law of the case." 1 Dunnell, Dig. & Supp. § 404; Farnham v. Pepper, 193 Minn. 222, 258 N. W. 293.

If it be considered then that Mr. Kane's negligence was imputable to plaintiff, the verdict is further supported by a finding of contributory negligence implicit therein. The view at the intersection is obstructed by four buildings located close to the corners. A person driving on either West Grant street or Spruce Place cannot get a good view to the right or left until he is close to the intersection. Under such circumstances, a prudent driver would be particularly

careful to observe the traffic before entering the intersection. Plaintiff, approaching the crossing from defendant's left, was not permitted to speculate on the possibility of being able to cross the street ahead of the car on her right. If the vehicles came to the intersection so close in point of time that there was reasonable danger if both proceeded, it was then plaintiff's clear duty to stop and yield the right of way to defendant. Minn. St. 1941, § 169.20, subd. 1 (Mason St. 1940 Supp. § 2720-196[b]). The jury might well conclude that plaintiff was taking unreasonably close chances in entering the intersection under the conditions then existing and was contributorily negligent in so doing. 3 Dunnell, Dig. & Supp. § 4164e; O'Connor v. Sinykin, 162 Minn. 382, 202 N. W. 891; Gibbs v. Almstrom, 145 Minn. 35, 176 N. W. 173, 11 A. L. R. 227; Anderson v. A. E. Jenney Motor Co. 150 Minn. 358, 185 N. W. 378; Lindahl v. Morse, 148 Minn. 167, 181 N. W. 323.

Plaintiff does not seriously urge that there was a sufficient showing to warrant a new trial on the ground of newly discovered evidence. She concedes its cumulative character, but asserts that, because the physical facts show that she must have reached the intersection first and was entitled to the right of way, the new evidence should be given some consideration. Since we hold adversely to plaintiff on the issue of the sufficiency of the evidence to sustain the verdict, further discussion going to the question of newly discovered evidence becomes unnecessary.

Affirmed.

MR. JUSTICE LORING, absent because of accidental injuries, took no part in the consideration or decision of this case.