WILFRED ANDERSON v. ALFRED DUBAN AND ANOTHER.[1]

February 4, 1927.

No. 25,787.

**Plaintiff pedestrian not guilty of negligence as matter of law.**

1. Under the circumstances mentioned in the opinion, the plaintiff was not guilty of contributory negligence as a matter of law in crossing a street where he was struck by an automobile.

**Appellants cannot take advantage of counsel's misconduct.**

2. Upon the record made, the defendants cannot take advantage of the misconduct of plaintiff's counsel in asking a question designed to inform the jury that one of the defendants was protected by insurance.

[1]Reported in 212 N. W. 180.

**Verdict of $1,400 not excessive.**

      3. The verdict was not excessive.

      Damages, 17 C. J. p. 1091 n. 84.
      Liability Insurance, 36 C. J. p. 1129 n. 78 New.
      Motor Vehicles, 28 Cyc. p. 49 n. 47.
      Municipal Corporations, 28 Cyc. p. 913 n. 20; p. 914 n. 24.

      See note in 3 L. R. A. (N. S.) 345; 20 L. R. A. (N. S.) 232; 38 L. R. A. (N. S.) 488; 42 L. R. A. (N. S.) 1179; 2 R. C. L. 1186; 1 R. C. L. Supp. 725; 4 R. C. L. Supp. 146; 5 R. C. L. Supp. 135; 6 R. C. L. Supp. 130.
      See note in L. R. A. 1915F, 30; 8 R. C. L. 674; 2 R. C. L. Supp. 638; 4 R. C. L. Supp. 567; 5 R. C. L. Supp. 480; 6 R. C. L. Supp. 522.

Defendants appealed from an order of the district court for Ramsey county, Richard D. O'Brien, J., denying their motion for judgment notwithstanding the verdict or a new trial. Affirmed.

*Kelly & Mangan,* for appellants.

*Guy W. Kimball,* for respondent.

LEES, C.

Plaintiff recovered a verdict of $1,400 for personal injuries suffered when he was struck by an automobile owned by the defendant Duban and driven by the defendant Warner. Defendants appealed from an order denying their alternative motion for judgment or a new trial.

Three questions are presented: (1) Was the plaintiff guilty of contributory negligence? (2) Was plaintiff's counsel guilty of misconduct in asking a question designed to inform the jury that the defendant Duban was protected by insurance? (3) Was the verdict excessive?

1. The accident happened in the forenoon of January 15, 1926, as plaintiff was crossing Payne avenue in the middle of the block between Jenks and Case streets in the city of St. Paul. Payne avenue is 40 feet wide between the east and west curbs and is paved with asphalt. The accident occurred in a closely built up business section. The pavement was icy and covered with some

snow. The defendant Warner had delivered a load of coal for the defendant Duban and was on his way back to the yard driving an empty Ford truck southerly on Payne avenue. Plaintiff was crossing from his store on the east side of the avenue to a store on the west side. He saw the truck at the intersection of Payne avenue and Jenks street about 150 feet away. He walked 10 or 15 feet from the east curb and stopped. He testified that it appeared to him that the truck was about to pass behind him and so he stepped forward, when the driver swerved to the right and struck him with the left front wheel of the truck, knocking him down while he was still east of the center line of the street; that there was nothing to interfere with the driver's use of the whole of the west half of the street; and that the truck was driven at a speed of 25 or 30 miles an hour.

On the other hand, Warner and a companion testified that the speed did not exceed 15 miles an hour; that the truck was not driven east of the center line of the street; and that the accident happened because plaintiff ran against the side of the truck.

If the jury believed the plaintiff, they might find that he was not negligent. If the truck was driven and struck plaintiff east of the center line of the street, there can be no question about the defendant's violation of the statute. L. 1925, p. 672, c. 416, § 17. The evidence would justify the jury in finding that there was no excuse for driving east of the center line of the street, and none for driving at the rate of speed to which plaintiff testified. See L. 1925, p. 669, c. 416, § 10. In crossing the street plaintiff was not required to anticipate that the driver of the truck would be negligent or that, in disregard of the statute, he would drive on the wrong side of the street or at an excessive rate of speed. Klare v. Peterson, 161 Minn. 16, 200 N. W. 817; Primock v. Goldenberg, 161 Minn. 160, 200 N. W. 920, 37 A. L. R. 484; Bradley v. M. St. Ry. Co. 161 Minn. 322, 201 N. W. 606; Tobisch v. Villaume, 164 Minn. 126, 204 N. W. 568.

2. In the course of the cross-examination, plaintiff was asked this question:

"Q. You want to tell this jury that a representative, man or attorney, or ambulance chaser, whatever you want to call him—

Mr. Kimball:  I object to that.

Mr. Kelly:  We will strike it out and I apologize to you.

Q.  —went up to your house, got in your house, upstairs in your house, without your wife knowing it?"

Apparently this aroused some feeling, for a little later plaintiff's counsel put this question to the witness:

"Q.  When did the claim agent come out to see you, of the company here?

Mr. Kelly:  That is objected to as incompetent, irrelevant and immaterial.

Mr. Kimball:  That is all."

The question was not answered.  It was improper, but the court was not requested to instruct the jury to disregard it.  Under the circumstances, the incident was not important enough to call for a new trial.

3.  Plaintiff is 27 years of age and a clothing merchant by occupation.  The jury could find that his injuries compelled him to remain in bed three weeks; that for about two and one-half months he was unable to do the work he had done before he was injured; that the injuries were painful; that plaintiff had a constant headache for about three months after the accident, and that at the time of the trial in May, 1926, he suffered pain in his leg.

The physician who attended plaintiff testified that he found a large swelling on the back of his head, bruises on his nose, lips and the knuckles of his right hand, and that the calf of his right leg was considerably swollen.  He visited and treated him six times.  At the end of April the injured leg was still sore and showed evidence of blood clots which were slowly being absorbed, and the joint of the left ring finger was not normal and caused plaintiff some pain.  The physician's charge for his service was $20.

Considering the nature and extent of the injuries and the fact that none were permanent, the jury was extremely liberal in awarding damages.  However, the trial court thought that the verdict was not excessive and we cannot say that the amount is so unreasonable as

to be indicative of passion or prejudice. The rule by which we are guided is stated in Hillstrom v. Mannheimer Bros. 146 Minn. 202, 178 N. W. 881, and cases cited.

The order is affirmed.