## BERNIECE KNOPP v. RAYMOND McDONALD AND ANOTHER.[1]

December 21, 1928.

No. 26,825.

*Ernest E. Watson,* for appellants.
*Lamberton & Lamberton,* for respondent.

HILTON, J.

Appeal from an order denying defendants' motion in the alternative for judgment non obstante or for a new trial, after a verdict in favor of plaintiff for $7,500, which the trial court reduced to $5,000.

Plaintiff, an unmarried woman, 29 years of age, was injured at about 5:30 p. m. on July 20, 1927, in an automobile collision at a street intersection in the city of Winona. Huff street runs north and south and is intersected at right angles by Fifth street, extending east and west; between the curbs the former street is 35 feet and the latter 40 feet in width. Both streets are paved. The surface of Fifth street on the day in question had been covered with tar or creosote, and the tracks of both cars after the collision were

[1]Reported in 222 N. W. 580.

easily discernible. Plaintiff attributes the accident to defendants' negligence. Defendants deny such negligence and charge that plaintiff was guilty of contributory negligence.

At the center of Fifth street, a single street car track extends east and west. Plaintiff was driving a Ford coupé at approximately 16 miles per hour in a westerly direction on the north side of the street car track. A street car, proceeding in an easterly direction, made a "near-side" stop just before reaching Huff street. Defendant William J. McDonald was the owner of a Chevrolet car which was being driven with his consent by his son, Raymond McDonald, the other defendant, in an easterly direction. Defendant driver stopped back of and to the south of the standing street car. The street car then proceeded easterly across Huff street, followed by defendants' car. Plaintiff, at the same time, continued in the opposite westerly direction. On entering the intersection, she looked to the right and left and, seeing neither automobiles nor pedestrians, passed by the street car at about the middle of the intersection and was struck by defendants' car.

This is clearly "a fact case." The evidence was somewhat in conflict. The jury, under proper instructions, evidently concluded that the defendants were negligent and that the plaintiff was not guilty of contributory negligence. The evidence was sufficient to establish as a fact that the defendant driver cut across the street car track prior to reaching the center of the intersection and was proceeding in a northeasterly or northerly direction and that the accident occurred in the northwest quadrant of that intersection. The cars finally landed on the northwest corner or boulevard of such street intersection. Plaintiff did not know of the presence of defendants' car until she was struck. She was thrown from her car and received serious injuries.

There was some conflict in the evidence, but the weight thereof and the surrounding conditions more than warranted the jury in finding as it did.

The contention of defendants that because in meeting and passing the street car in question plaintiff, not knowing whether there was an automobile hidden by the approaching street car, should have

stopped or at least slackened her speed, is not tenable. If any such rule were enforced, it would result in needless and senseless blocking of traffic at every intersection of streets upon which there are one or more street car tracks. She was not expected to anticipate that an automobile, concealed by the street car that was passing her, would turn to the north and left prior to passing the center of the intersection. Anderson v. Duban, 170 Minn. 155, 212 N. W. 180. The defendant driver should not have turned to the left when and as he did. L. 1927, p. 563, c. 412, § 16, 1 Mason Minn. St. § 2720-16. Had he waited until that point had been reached, the street car would have been well out of the intersection and plaintiff's car would have been visible.

Some 12 assignments of error are alleged, all of which we have considered and find no merit therein. Although the verdict rendered may have been somewhat excessive, there is nothing to indicate that it was influenced by passion and prejudice. As reduced by the trial court, it is well within reason and propriety. No good end would be subserved by detailing all the particulars of plaintiff's injuries.

We hold that the rulings of the court were correct and that the jury, under proper instructions, rendered a verdict which, as reduced by the court, is reasonable and is amply supported by the evidence.

Order affirmed.