WALTER FULWEILER v. TWIN CITY MOTOR BUS COMPANY.[1]

November 27, 1931.

No. 28,624.

*Walsh, Jackson, Walsh & Yackel,* for appellant.
*Keefe & Fallon,* for respondent.

OLSEN, J.

Appeal by defendant from an order denying its alternative motion for judgment or a new trial.

■ Defendant claims that the evidence shows as a matter of law that plaintiff was guilty of contributory negligence.

The accident happened at a street intersection on the evening of November 10, 1928; hence after dark. The intersection was brightly lighted by lights at an oil station and a street light. What the condition was as to lights along the streets away from the intersection is not shown. Plaintiff was driving southerly on Concord

[1]Reported in 239 N. W. 609.

street, a paved street in South St. Paul. According to his evidence, on approaching the intersection of that street with a cross street, he gave the proper signal of his intention to turn to the left onto the cross street, approached the intersection at a slow rate of speed and in the proper line of travel, then turned to the left in the intersection to enter the cross street, and, when the front of his car reached the curb line on the east side of Concord street or was slightly over that line, the car was struck by defendant's passenger bus, coming north on Concord street at an excessive rate of speed.

Defendant contends that plaintiff failed to exercise proper care to see that the turn to the left could safely be made, as required by statute. 1 Mason, 1927, §§ 2720-16, 2720-17. This particular statutory provision is but a statutory declaration of the common law rule of ordinary care as applied to a given situation. The rule being enacted into a statute, its violation, if resulting in injury to one for whose benefit it was enacted, results in liability, or, as often stated, is negligence as a matter of law. But the question of whether the statute has been violated is generally one of fact.

Here it is shown that plaintiff was in a position where he could see the lights of the approaching bus after it reached a point a block or a little more from the intersection, and could see these lights as the bus approached the intersection from that point. Just where the plaintiff was when he first saw the bus or its lights is not clear. He testified at one time that he saw the bus when he was about a block away from the intersection, and at other times that he first saw it when he was making the turn. But he testified repeatedly that when he was making the turn the bus was at or beyond what is referred to as the office of the foundry company, located some 120 to 150 feet south of the intersection. On this record, the plaintiff saw or should have seen the approaching bus in time to stop or refrain from turning until the bus had passed. On the other hand, it is clear that plaintiff reached the intersection an appreciable time ahead of the bus. It is not shown that he knew or had means of knowing that the bus was traveling at an

excessive rate of speed.   He had the right to rely to some extent on the assumption that the bus driver was obeying the law and driving at a reasonable rate of speed; also that the bus driver would obey 1 Mason, 1927, § 2720-18b, and yield the right of way to one first in the intersection and turning to the left therein after having signaled his intention so to turn.   Whether plaintiff failed to see that the turn to the left could be made in safety, failed to comply with the statute, was here a question of fact for the jury. The question was submitted to the jury in a charge which is not complained of, and the verdict settles the issue.   Stallman v. Shea, 99 Minn. 422, 109 N. W. 824; Day v. Duluth St. Ry. Co. 121 Minn. 445, 141 N. W. 795; Klare v. Peterson, 161 Minn. 16, 200 N. W. 817; Tobisch v. Villaume, 164 Minn. 126, 204 N. W. 568; Dohm v. R. N. Cardozo & Brother, 165 Minn. 193, 206 N. W. 377; Anderson v. Duban, 170 Minn. 155, 212 N. W. 180; Douglas v. Jacobson, 179 Minn. 86, 228 N. W. 347; Coffman v. Kummer, 179 Minn. 120, 228 N. W. 751; Saunders v. Yellow Cab Corp. 182 Minn. 62, 233 N. W. 599; Peterson v. Miller, 182 Minn. 532, 235 N. W. 15; Mechler v. McMahon, 184 Minn. 476, 239 N. W. 605.

The case of Sorenson v. Sanderson, 176 Minn. 299, 223 N. W. 145, is cited by defendant.   It is not conclusive on the facts in the present record.

◼   The verdict is challenged as excessive.   The jury allowed $200 for damage to the automobile and $1,223 for personal injury.   The award for personal injury is large.   But, standing approved by the trial court and there being evidence of some continuing pain and some slight disability, it is not so large as to permit interference by this court.

There is nothing in the record to arouse passion or prejudice on the part of the jury.

Order affirmed.