## JOSEPH A. SIMEON v. MELVIN R. ANDERSON AND ANOTHER.[1]

October 22, 1954.

No. 36,424.

*Brenner & Schnell,* for appellants.
*Bert A. Minwegen,* for respondent.

CHRISTIANSON, JUSTICE.

Action is brought by plaintiff to recover damages for personal injuries and property damage he sustained as the result of an intersection collision between his automobile and an automobile driven by defendant Donna M. Anderson and owned by defendant Melvin R. Anderson, her husband. In response to appropriate special findings

---

[1]Reported in 66 N. W. (2d) 553.

of facts submitted by the trial court, the jury found that defendant Donna M. Anderson was negligent in the operation of the automobile she was driving and that her negligence was the proximate cause of the collision. The jury also found that plaintiff was free from contributory negligence and awarded him the sum of $400 for the personal injuries he sustained. Defendants thereafter made an alternative motion for judgment notwithstanding the jury's findings or for a new trial which was denied by the trial court. They appeal from the judgment subsequently entered for plaintiff in accordance with the jury's special findings and certain stipulated special damages.

The accident in question occurred at 12:23 p. m. on April 7, 1953, at the intersection of Beech and Atlantic streets in the city of St. Paul. Beech street runs east and west and Atlantic street runs north and south at their juncture. Observation of eastbound traffic on Beech street is restricted if a person is proceeding south on Atlantic street toward the intersection because of the estimated 25-percent upgrade of Atlantic street and the location of a house on a lot with a high embankment upon the northwest corner of the intersection. Plaintiff, who was proceeding south on Atlantic street at the time of the accident, testified that he had to approach to within 15 to 16 feet of the intersection before having a clear view of traffic on Beech street to the west. Likewise, a person proceeding east on Beech street has his line of sight broken by the grade, house, and high lot when attempting to observe southbound traffic on Atlantic street. On the day of the accident the intersection was dry. There is a conflict in the testimony as to the presence of loose sand on the roadway.

Prior to the accident plaintiff was proceeding south on Atlantic street at 15 to 20 miles per hour in his 1939 Plymouth sedan. As he neared the intersection he slowed down to between 12 and 15 miles per hour until within approximately 15 to 16 feet of the intersection where he could view Beech street without obstruction. Plaintiff observed that no traffic was coming from the east but he saw defendants' vehicle, a 1948 Chevrolet sedan, approximately 210 feet to his

right approaching from the west. At that time he could not estimate the speed of defendants' car. Believing that he could safely clear the intersection, plaintiff accelerated his speed to 15 miles per hour and proceeded to the middle of the intersection. There he again looked to his right, and he observed that defendants' vehicle was between 55 and 65 feet away and approaching at a speed of approximately 40 miles per hour. Sensing that a collision would result unless he immediately cleared Beech street, plaintiff attempted to increase his speed, but after proceeding seven feet past the center of the intersection, his automobile was struck on the right side between the front of the rear wheel and the door hinge of the rear door by the front of defendants' automobile. The force of the collision spun plaintiff's vehicle so that it pointed in a southwesterly direction with the rear end projecting into the northbound lane of Atlantic street. Defendants' automobile left skid marks on Beech street which commenced 25 feet west of the intersection and extended about five feet into the intersection to the point of collision.

■ Defendants contend that plaintiff was guilty of contributory negligence as a matter of law. They argue that plaintiff was negligent in entering the intersection while admittedly unable to judge the speed of an approaching automobile 210 feet away. Through analogy to Rosenau v. Peterson, 147 Minn. 95, 179 N. W. 647, where it was held to be contributory negligence as a matter of law for plaintiff's driver to enter an intersection while her view of traffic was totally obstructed, and Chandler v. Buchanan, 173 Minn. 31, 216 N. W. 254, and DeHaan v. Wolff, 178 Minn. 426, 227 N. W. 350, where it was held to be contributory negligence as a matter of law for the plaintiffs to enter intersections after looking but failing to see the defendants, defendants assert in their brief that plaintiff acted without "caution either for his own safety or that of others."

As stated by this court in Guthrie v. Brown, 192 Minn. 434, 436, 256 N. W. 898, 899:

"It is only in the clearest cases, where the facts are undisputed, and it is plain that all reasonable men can draw but one conclusion

from them that the question of contributory negligence becomes one of law."

Plaintiff's testimony establishes that he made his decision to proceed when only 15 to 16 feet from the intersection and after observing defendants' automobile approaching at a distance of about 210 feet. At the time of his decision plaintiff was operating his vehicle at a controlled rate of speed, 12 to 15 miles per hour, and he had a clear view of all traffic on Beech street. Although defendants' automobile was approaching from plaintiff's right, plaintiff, being initially in the intersection, had a right to assume, until it appeared otherwise, that the driver of the approaching automobile would seasonably yield the right of way in accordance with M. S. A. 169.20, subd. 1, which provides:

"The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway."

A finding of contributory negligence is not compelled by the fact that plaintiff proceeded into the intersection while admittedly unable to estimate the speed of defendant's car. When entering the intersection and until he reasonably should have perceived otherwise, plaintiff was entitled to assume that defendants' vehicle would be driven at a lawful rate of speed and under sufficient control to permit it to stop for crossing traffic.[2] Defendants cannot point to plaintiff's misjudgment of the time interval in which he might pass safely through the intersection as negligence because it was Mrs. Anderson's unlawful rate of speed which was directly responsible for plaintiff's error. Moreover, it was not necessarily negligent for plaintiff to proceed after he was aware of the excessive speed of defendants' vehicle. Under the perilous circumstances of the impending accident, the jury was justified in concurring with plaintiff's decision to attempt to clear the intersection despite his failure

---

[2]Guthrie v. Brown, 192 Minn. 434, 256 N. W. 898; Reynolds v. Goetze, 192 Minn. 37, 255 N. W. 249; Fulweiler v. Twin City Motor Bus Co. 184 Minn. 519, 239 N. W. 609; Klare v. Peterson, 161 Minn. 16, 200 N. W. 817; Soderberg v. Taney, 152 Minn. 376, 188 N. W. 993.

to do so. The statement of this court in Ranum v. Swenson, 220 Minn. 170, 176, 19 N. W. (2d) 327, 331, is equally applicable to the situation presented here:

"* * * There was but a fleeting moment left for plaintiff, as an ordinarily prudent person, to determine the wisest course to follow. A person's conduct in a moment of peril is not to be measured by the same standard of exactness as that gained from the wisdom of hindsight after the accident."

Finally, the cases relied upon by defendants are clearly distinguishable upon their facts. In the instant case plaintiff's conclusion that he had sufficient time to clear the intersection was based upon clear observation of the situation. He did not proceed blindly into an intersection as in Rosenau v. Peterson, *supra,* or look and fail to see an oncoming automobile as in Chandler v. Buchanan, *supra,* and DeHaan v. Wolff, *supra.*

■ Defendants also contend that the award of $400 to plaintiff for the personal injuries he sustained is excessive and the product of passion and prejudice on the part of the jury. The extent of plaintiff's injuries was a bruise which caused discoloration of a two-inch strip extending from the right collarbone down to the nipple line of the chest wall with attendant tenderness of the outer aspect of the right shoulder area. Although no permanent disability exists, the tenderness resulted in severe pain for approximately six months whenever the right arm was moved. Also the pain interfered with plaintiff's sleep. Whenever he lifted cases or used his right arm to a great extent, he still had pain at the time of trial. In addition plaintiff complained of dizziness immediately following the accident although this condition did not persist. While an award of $400 may be liberal for the injuries plaintiff sustained, we cannot say on the basis of plaintiff's subjective complaints and his doctor's testimony that it is so excessive as to permit this court to disturb it. Furthermore, there is nothing in the record which could have aroused passion or prejudice on the part of the jury.

Judgment affirmed.