# FLORENCE FISHER, SPECIAL ADMINISTRATRIX OF ESTATE OF JOHN FISHER, AND ANOTHER v. WALTER EDBERG.

176 N. W. (2d) 897.

May 1, 1970—No. 41939.

*Robb, Van Eps & Gilmore* and *Douglas Dale Reid, Jr.,* for appellant.

*Yaeger & Yaeger* and *John B. McCarthy,* for respondents.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Theodore B. Knudson, JJ.

NELSON, JUSTICE.

This is an appeal from an order of the district court denying defendant's motion for judgment notwithstanding the verdict or for a new trial.

Plaintiff John Fisher suffered injuries as the result of an automobile collision between a 1962 Ford Econoline school bus owned by his employer, St. Peter's Evangelical Lutheran Church, and driven by Fisher, and a 1964 Ford sedan owned and operated by defendant-appellant, Walter Edberg. Fisher died prior to disposition of this appeal and the special administratrix of his estate was substituted as respondent.

The collision occurred at approximately noon on January 7, 1964, at the intersection of West 60th Street and Newton Avenue South in Minneapolis. Prior to the accident Edberg was proceeding in a westerly direction on 60th Street and Fisher was driving in a northerly direction on Newton Avenue. The two streets intersect at right angles. The day was bright and clear. Sixtieth Street was largely dry, with some isolated compacted snow spots. Newton Avenue was compacted with snow with some open spots. The speed limit for both streets was 30 miles per hour. The intersection was not controlled by any traffic devices, and vision from both directions was relatively unobstructed.

The Edberg vehicle was traveling between 25 and 30 miles per hour. Edberg first noticed the vehicle Fisher was driving when the former was 5 to 10 feet east of the easterly line of Newton Avenue. At that time, Fisher's vehicle was just to the south of the southerly curbline of 60th Street. Edberg had previously looked to the left when he was 30 to 35 feet east of the intersection and had seen no vehicles.

Fisher testified that he looked to his right while still south of the intersection and observed a vehicle approximately one block

to the east of the intersection proceeding in a westerly direction. There was no obstruction of his view to the right. At that time Fisher's vehicle "had a little roll" and was traveling "maybe three, four miles an hour." He then looked to the left, shifted into second gear, looked to the front, and proceeded into the intersection. He later testified that he had told his doctors that he did not recall how the accident occurred; that when he was approaching the intersection, he looked to the right and to the left and to the right again before he started to roll into the intersection; that he did not see a vehicle until he looked to the right a second time, which was the instant before impact; that all he remembered was a horn blowing and a bang. The collision took place when Fisher was 8 to 12 feet south of the north curbline of Newton Avenue, at which time his speed was approximately 10 to 15 miles per hour.

Fisher was rendered unconscious by the accident and taken to the hospital. After his release from the hospital, he was unable to continue his regular line of work as a janitor due to pains in his back and neck. Subsequent to the accident he experienced blurred vision, which eventually cleared up. He also experienced weekly headaches. Upon examination by his physicians, it was discovered that Fisher had sustained a concussion, lacerations of the scalp, a skull fracture, a contusion and straining type of injury along the spine of the neck and lower back, and irritative injury to the nerves of the right arm. Such disabilities were testified to by Fisher's doctors as being of a permanent nature. Fisher had suffered other disabilities prior to the accident and whether or not such disabilities were aggravated by the accident is disputed.

The case was tried before a jury which returned a verdict for Fisher of $42,624.[1] Defendant moved for judgment notwithstanding the verdict on the grounds that Fisher was contributorily

---

[1] The jury also awarded medical expenses of $2,500 which the court ordered paid to the workmen's compensation insurer and damages to the church for property damage to the vehicle.

negligent as a matter of law and that the verdict was not justi-
fied by the evidence, or, in the alternative, for a new trial on the
grounds that the verdict was not justified by the evidence and
was contrary to law and that errors of law were committed in
the instructions to the jury. The court by its order denied defend-
ant's motion in all respects. Defendant appeals from the order.

The issues presented are as follows: (1) Is defendant entitled
to judgment notwithstanding the verdict on the grounds that
Fisher was guilty of contributory negligence as a matter of law
and did the court err in failing to instruct the jury that he was
contributorily negligent as a matter of law? (2) Did the court
err in failing to instruct on the failure-to-see-that-which-is-in-
plain-sight doctrine and in giving instructions which defendant
alleges modified the right-of-way rule? (3) Was the jury's award
of damages excessive and not justified by the evidence?

At the outset it should be noted that neither the fact of defend-
ant's negligence nor its causal relation to the accident and in-
juries is at issue on this appeal.

■ This court has stated: "A motion for judgment notwith-
standing the verdict admits every inference reasonably to be
drawn from the evidence as well as the credibility of the testi-
mony for the adverse party, and if the application of this rule,
in the light of all the evidence, discloses a reasonable basis for
the verdict, the motion must be denied." Cormican v. Parsons,
282 Minn. 94, 99, 163 N. W. (2d) 41, 45. See, also, Schneider v.
The Texas Co. 244 Minn. 131, 69 N. W. (2d) 329; Kramer v.
Kramer, 282 Minn. 58, 162 N. W. (2d) 708. In Ford v. Stevens,
280 Minn. 16, 20, 157 N. W. (2d) 510, 513, we stated:

"* * * The rule which we follow is expressed in Cofran v.
Swanman, 225 Minn. 40, 42, 29 N. W. (2d) 448, 450, where we
said:

*     *     *     *     *

" '* * * If * * * upon a search of the entire record, after
taking the evidence in the light most favorable to the verdict and
giving the adverse party the benefit of every inference reason-

ably deductible therefrom, the evidence as a whole manifestly and so overwhelmingly preponderates to the contrary as to be practically conclusive against the verdict, the motion for judgment *non obstante* should be granted.' "

It has been said that the motion should be granted only where reasonable minds could not differ as to the proper outcome, regardless of where the weight of the evidence lies. Arteiro v. Coca Cola Bottling, Midwest, Inc. (D. Minn.) 47 F. R. D. 186.

Defendant contends that judgment notwithstanding the verdict was required because Fisher was negligent as a matter of law. However, only in the clearest of cases where the facts are undisputed and can lead to but one conclusion is the court justified in finding contributory negligence as a matter of law. Jablinske v. Eckstrom, 247 Minn. 140, 76 N. W. (2d) 654; Simeon v. Anderson, 243 Minn. 91, 66 N. W. (2d) 553; Johnson v. Mancilman, 241 Minn. 461, 63 N. W. (2d) 569; Guthrie v. Brown, 192 Minn. 434, 256 N. W. 898. See, also, Ranum v. Swenson, 220 Minn. 170, 19 N. W. (2d) 327; Kolatz v. Kelly, 244 Minn. 163, 69 N. W. (2d) 649.

■ Defendant contends that the case at bar is one of those clear cases resulting from an obvious failure to yield the statutory right-of-way. Minn. St. 169.20, subd. 1, provides that when two vehicles approach an uncontrolled intersection from different highways, the driver of the vehicle on the left shall yield the right-of-way to the driver of the vehicle on the right. Defendant feels that since both he and Fisher reached the intersection at the same time, Fisher was clearly and obviously negligent for failing to yield the right-of-way.

We have repeatedly held, however, that the right-of-way rule is not an unyielding one. It does not invariably give the driver on the right the privilege of crossing. Jablinske v. Eckstrom, *supra;* Jeddeloh v. Hockenhull, 219 Minn. 541, 18 N. W. (2d) 582. The right-of-way rule is a relative one, and the question of its violation depends upon the circumstances of each case and is

usually a fact question for the jury. Seeger v. Dalton, 285 Minn. 220, 172 N. W. (2d) 563; Jeddeloh v. Hockenhull, *supra;* Kolatz v. Kelly, *supra.*

Defendant contends that the trial court in instructing the jury went out of its way to emasculate the right-of-way rule and contends that this constitutes error.

After the court fully covered the basic speed rules, it proceeded to instruct on the right-of-way rule as it is applicable to an uncontrolled intersection:

"* * * I will also read to you what is called the right-of-way rule. When two vehicles enter an uncontrolled intersection from different streets, at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right. The driver of any vehicle traveling at an unlawful speed shall forfeit any right-of-way which he might otherwise have had under the rule that I have just given you.

"Now, if any of these statutes that I have just read to you has been violated, then the violation of that statute is negligence, unless you should find evidence which tends to show a reasonable excuse or justification or evidence from which a reasonable person under the circumstances which existed at that time and place could reasonably believe that such a violation would not reasonably endanger any person entitled to the protection of that particular statute.

"I want to define a couple of words that I used in reading those statutes to you. The words immediate hazard means a vehicle so close that if it continues in the same course at the same speed, there is a reasonable likelihood of danger or a collision.

"The word approaching means a vehicle so close that if it continues in the same course at the same speed, there is reasonable likelihood of a collision.

"Now, I gave you the right-of-way rule as it is found in our statutes. And I instruct you with regard to it that the right-of-way rule is not an unyielding one. The rule does not invariably

give a driver on the right the unlimited privilege of crossing. It does not relieve him of the duty of exercising due care commensurate with the conditions which exist at that particular time and place as he approaches the intersection. The driver of a vehicle approaching an intersection from the left has the right to assume, until and unless he becomes aware to the contrary, that the driver to the right will exercise ordinary care.

"Now, in this case you will consider whether the defendant, Mr. Edberg, was negligent; and, if so, whether that negligence was a proximate cause of the accident. If you should find that the defendant, Mr. Edberg, was not negligent, or if you find that he was negligent, but that his negligence was not a proximate cause of the accident, then neither one of the plaintiffs is entitled to recover."

We find no error in these instructions, which are a full and fair statement of the applicable law with respect to this issue.

■ In Ranum v. Swenson, 220 Minn. 170, 19 N. W. (2d) 327, 328, we held:

"Contributory negligence as a matter of law should be determined with extreme caution if based on estimates of speed, distance, and time, especially where the estimates are made by the occupants of moving vehicles."

See, Kennedy v. St. Paul City Ry. Co. 59 Minn. 45, 60 N. W. 810.

In the instant case the jury could have believed the statement of Fisher that he noticed Edberg's vehicle one block to the east of the 60th Street-Newton Avenue intersection. The jury could have found that upon observing Edberg's vehicle Fisher concluded that he had sufficient time to clear the intersection without causing an accident. Fisher was not bound to anticipate the negligence of Edberg. He had a right to assume that Edberg would exercise ordinary care unless and until he became aware of the contrary.

■ Daugharty v. Anderson, 275 Minn. 371, 147 N. W. (2d) 378; Gotzian v. Wolk, 201 Minn. 38, 275 N. W. 372; Underdown

v. Thoen, 193 Minn. 260, 258 N. W. 502; Hermanson v. Switzer, 188 Minn. 455, 247 N. W. 581; and Chandler v. Buchanan, 173 Minn. 31, 216 N. W. 254, cited by defendant, are not controlling. In all of those cases plaintiff was held contributorily negligent as a matter of law because he failed to maintain a proper lookout before entering the intersection. In the instant case, however, the jury could have found that plaintiff did maintain a proper lookout and did observe the approaching vehicle. Our very recent decision in Seeger v. Dalton, *supra,* can be distinguished in the same manner.

We conclude, as the court did below, that the question of contributory negligence on the part of plaintiff was properly one for the jury, and we hold that the trial court was justified upon the evidence as a whole in denying the motion for judgment notwithstanding the verdict.

■   We see no merit in defendant's contention that the court erred in not instructing on the "look-and-not-see-that-which-is-in-plain-sight" rule. The court in its instructions clearly and fairly covered the duties of plaintiff and defendant with reference to keeping a proper lookout, instructing the jury as follows:

"I am going to give you what we call the rules of the road, or the common-law rules of the road, and they are these: Everyone has the same right to the use of our roads that anyone else has. But everyone that does use them is obliged to use such care that it will not result in injury to others or unduly inconvenience them. And I instruct you that it is not due care to depend upon the exercise of care by another when that dependence is itself accompanied by obvious danger.

"The drivers of motor vehicles on our streets are under certain legal duties and obligations that they are required to observe. It is their duty to keep a reasonable lookout and make reasonable observation of the conditions of the weather, the time of day, the conditions of the street, the traffic, and to keep their motor vehicle under reasonable control, and to proceed at a reasonable

rate of speed under the conditions which exist at that particular time and place; and to exercise ordinary care to prevent doing harm or injury to others who are lawfully upon that street or the nearby streets, and to exercise ordinary care to prevent themselves from being harmed or injured by others who are using the streets in a lawful manner.

"One who is using the streets or roads has a right to assume that all drivers about him will use reasonable care and that those about him will not violate any of these laws or rules of the road or be negligent, and then he is entitled to go ahead on that assumption. Then, if and when the contrary does appear, if he sees that someone about him is disobeying the law or is negligent or careless, then he must use all reasonable means at his disposal to avoid injury and damage.

\* \* \* \* \*

"The violation of any of these common-law rules that I have just given you is negligence, and if that negligence is a direct and proximate cause of harm or loss or damage sustained by another, then the person negligent is liable in damages to the person who is injured."

Nothing more was needed in the charge regarding this issue. The jury could not have been misled by the failure to give the requested instruction. We have concluded after carefully going over the court's instructions herein that the charge was fair and well balanced.

We have heretofore indicated that a jury is not necessarily bound to accept estimates of speed and distance by plaintiff or by others, especially if these be made by the occupants of moving vehicles. See, Salters v. Uhlir, 208 Minn. 66, 70, 292 N. W. 762, 764. We have said that even when danger is not imminent such estimates involve widely varying factors of human error and are not in themselves to be regarded as conclusive. Arguments based upon estimates may have considerable probative weight before the trier of fact, but little force before a court of review passing

on an issue that has already been determined adversely to appellant.

This court in commenting on distance and speed in Ranum v. Swenson, 220 Minn. 170, 174, 19 N. W. (2d) 327, 330, said:

"Even though plaintiff had in fact seen defendants' car in the wrong lane at a distance of 174 or more feet, or at a substantially less distance, he had a right to assume, until it appeared otherwise, that the driver thereof would seasonably yield the right of way. It cannot be said with certainty that plaintiff's failure to look was a proximate cause at a time when, if he had looked, he might still reasonably assume that defendants would seasonably yield him the right of way. * * *

" '* * * Regardless of how negligent plaintiff might have been, if his actions did not contribute to or were not a material element in the happening of the accident here involved, the defense of contributory negligence is not effective as against him.'

" '* * * Whether the time ever came when it might be said that plaintiff should have realized that defendant was not going to seasonably yield the right of way and that an accident was imminent was * * * a question of fact and not one of law.' Olson v. Byam, 176 Minn. 619, 620, 224 N. W. 256; Merritt v. Stuve, 215 Minn. 44, 9 N. W. (2d) 329."

See, also, Kolatz v. Kelly, *supra;* 13B Dunnell, Dig. (3 ed.) § 7015.

Minn. St. 169.20, subd. 1, defining the rights and duties of motorists at intersections, has been the subject of interpretation in many recent decisions, one of the leading cases being Moore v. Kujath, 225 Minn. 107, 29 N. W. (2d) 883, 175 A. L. R. 1007.

It will be observed that in a somewhat analogous case, Dose v. Yager, 231 Minn. 90, 42 N. W. (2d) 420, involving an intersection protected by a stop sign, this court stated (231 Minn. 98, 42 N. W. [2d] 426):

"The right of a driver on a through highway to assume that another driver approaching on an intersecting highway will heed the stop sign is not absolute. * * * The statute requiring re-

duced speed at intersections bespeaks precaution, even from those having the right of way."

Clearly, if the right-of-way on a through highway is not absolute, it is not absolute at an uncontrolled intersection. We have heretofore expressly rejected the policy of applying arbitrary standards of behavior amounting in effect to rules of law to all cases without regard to surrounding circumstances. The rule appears to be well recognized in this court that a motorist entering an arterial highway or a through street must stop and in doing so must recognize and have in mind he is inviting approaching vehicles to proceed through the intersection. But it is also the rule that once the motorist entering upon the arterial highway or through street has stopped and used due care as to vehicles in or near the intersection, he may proceed with the benefit of the right-of-way and is not negligent if an accident occurs. Whether a driver is justified in assuming that an approaching vehicle will stop or slow down for him is ordinarily a question for the jury.

■ The final issue raised by defendant relates to excessiveness of damages. Generally, whether a verdict should be set aside as excessive rests largely in the discretion of the trial court. Zaikaner v. Small, 256 Minn. 275, 98 N. W. (2d) 247. However, in the case at bar, since plaintiff asked for a lesser sum in damages in his original complaint and made no move to amend his complaint until after the jury had returned its verdict, the members of this court feel that, based upon the record as a whole and giving plaintiff the benefit of everything which the evidence tends to prove and allowing him the largest amount such evidence would warrant, a verdict in excess of $35,000 ought not to be sustained. It is accordingly ordered that a new trial be granted unless respondent within 10 days files her consent in writing to a remittitur reducing the verdict to $35,000, in which event a new trial will be denied.

Affirmed on condition respondent consents to reduction.

MR. JUSTICE ROGOSHESKE took no part in the consideration or decision of this case.